591 A.2d 318

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Rickie Lynn SENFT, Appellee.**

Superior Court of Pennsylvania.

Submitted April 8, 1991.

Filed May 23, 1991.

H. Stanley Rebert, Dist. Atty., York, for the Com., appellant.

J. Christian Ness, York, for appellee.

Before OLSZEWSKI, HUDOCK and MONTGOMERY, JJ.

HUDOCK, Judge:

This is an appeal from the dismissal of Appellee's driving under the influence (DUI) charge as a result of a Rule 1100 violation. We reverse and remand.

Appellee was arrested for DUI on August 10, 1989. The complaint was filed August 11, 1989. Following Appellee's waiver of formal arraignment, the case was scheduled for the November, 1989, trial term. The case was not listed until the May, 1990 trial term at which time Appellee's counsel indicated Appellee would enter a guilty plea. Appellee did not enter that plea during the May term and the case was relisted for the July, 1990 term. Although it appears that Appellee was to enter his guilty plea on July 16, 1990, he did not, and the case was to be tried before the end of the July trial term on July 20, 1990. The District Attorney's Administrator did not call the case for trial because a Commonwealth witness was unavailable for the remainder of the July trial term. No on-the-record continuances were granted. The case was listed for the September trial term.

Appellee filed a motion to dismiss under Rule 1100 (42 Pa.R.Crim.P. 1100). A hearing was held on September 18,

1990, and at the conclusion the charges were dismissed. The Commonwealth filed a motion for reconsideration, and a hearing was held on September 24, 1990. The Commonwealth's motion was denied following a brief hearing. This appeal followed.

The Commonwealth (Appellant) argues here that the trial court erred in dismissing the charges. We note that Rule 1100 was substantially amended recently.[1] Because of the substantial changes in the Rule, and the lack of conformity in the comments which follow it, it is understandable that confusion should result in its application. Some of the former paragraphs were relettered, and others were substantially rewritten. Under the former Rule 1100(c)(3), the Commonwealth was permitted to file a motion to extend the time in which to commence trial. At a hearing on the motion to extend, the Commonwealth bore the burden of proving that, despite due diligence, it could not bring the defendant to trial within the time provided in the Rule. This motion to extend was brought by the Commonwealth *prior* to the time provided in the Rule to commence trial. The court would determine, based on the facts presented on the record, whether the Commonwealth established due diligence. If the Commonwealth could establish due diligence, then an extension was granted. In 1987, the Supreme Court amended Rule 1100 and, among other changes, eliminated the motion to extend option. In its place, the Rule provides:

(g) for defendants on bail *after* the expiration of three hundred sixty-five (365) days, at any time before trial, the *defendant* or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Com-

1. Rule 1100 was adopted June 8, 1973, effective prospectively and amended numerous times, the most recent of which were December 31, 1987, and September 30, 1988. In fact, the comments which accompany the Rule have not yet been adjusted to conform to the content of the new Rule.

monwealth, *who shall also have the right to be heard thereon.*

If the court, upon hearing, shall determine that the Commonwealth exercised *due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth,* the motion to dismiss shall be denied and the case shall be listed for trial on a date certain. If, on any successive listing of the case, the Commonwealth is not prepared to proceed to trial on the date fixed, the court shall determine whether the Commonwealth exercised due diligence in attempting to be prepared to proceed to trial. If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant.

42 Pa.R.Crim.P. 1100(g) (emphasis added).

In applying Rule 1100, the trial court must first determine whether there is a technical violation of the Rule by applying either subsections (a)(1), (a)(2), (a)(3) or (a)(4) which read:

(1) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed.

(2) Trial in a court case in which a written complaint is filed against the defendant, where the defendant is incarcerated, shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

(3) Trial in a court case in which a written complaint is filed against the defendant, where the defendant is at liberty on bail, shall commence no later than three hundred sixty-five (365) days from the date on which the complaint is filed.

(4) Trial in a court case which is transferred from the juvenile court to the trial or criminal division shall commence in accordance with the provision set out in subsec-

tion (a)(2) and (a)(3) except that the time is to run from the date of filing the transfer order.

42 Pa.R.Crim.P. 1100(a). In the present action, Appellee was free on bail pending trial. Therefore, subsection (a)(3) applies. Based on the date of Appellee's complaint, August 11, 1989, Appellee must be brought to trial within three hundred sixty-five (365) days, August 10, 1990.

Next the trial court must determine whether any time should be excluded from the three hundred sixty-five (365) days under subsection (c), which reads:

(c) In determining the period for commencement of trial, there shall be excluded therefrom:

(1) the period of time between the filing of the written complaint and the defendant's arrest; provided that the defendant could not be apprehended because his whereabouts were unknown and could not be determined by due diligence;

(2) any period of time for which the defendant expressly waives Rule 1100;

(3) such period of delay at any stage of the proceedings as results from:

(i) the unavailability of the defendant or his attorney;

(ii) any continuance granted at the request of the defendant or his attorney.

42 Pa.R.Crim.P. 1100(c). The trial court found that none of these exceptions applied in the present case. Therefore, Appellee should have been brought to trial no later than August 10, 1990. But the analysis does not stop there.

The Appellee in this action brought a petition to dismiss the charges under subsection (g) (see text *supra*). The trial court must determine at the hearing on the petition to dismiss whether, despite the technical violation of the three hundred sixty-five (365) days, the Commonwealth has with due diligence attempted to bring the matter to trial *and* whether the delay was beyond the control of the Commonwealth. The trial court in the present action did not determine whether the Commonwealth used due dil-

504

igence or whether the delays were beyond the control of the Commonwealth. The trial court stopped its analysis at the point which it determined there was a technical violation of the rule.

Therefore, we reverse the order and remand to the trial court for the analysis required under Rule 1100(g) [2]. Jurisdiction relinquished.

---

**2.** We note that due to the recent nature of the amendments to Rule 1100, there are no cases construing due diligence under the new Rule, but find that the cases under the former Rule 1100(c) are instructive on due diligence.