736 A.2d 578

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Vernon HILL, Appellant.**

**Commonwealth of Pennsylvania, Appellee,**

v.

**George Cornell, Appellant.**

Supreme Court of Pennsylvania.

Argued Feb. 3, 1999.

Decided Aug. 17, 1999.

240

John W. Packel, Anne L. Saunders, Philadelphia, Ellen T. Greenlee, Helen A. Marino, for Vernon Hill.

Catherine Marshall, Philadelphia, Jonathan M. Levy, for Com. in No. 32 E.D. Appeal Docket 1998.

John Petroak, David Cherundolo, Asst. Public Defenders, Gerard Karam, Public Defender, for George Cornell.

Michael J. Barrasse, Dist. Atty., William P. O'Malley and Amil Minora, Asst. Dist. Attys., for Com. in No. 104 M.D. Appeal Docket 1998.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION*

NIGRO, Justice.

In this consolidated appeal, Appellant Vernon Hill contends that the Superior Court erred by affirming the trial court's denial of his motion to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 1100 (Rule 1100). Likewise, Appellant George Cornell contends that the Superior Court erred by reversing the trial court's grant of his Rule 1100 motion to dismiss. We disagree with both Appellants and therefore, affirm the decisions of the Superior Court.

This Court promulgated Rule 1100 in order to give substantive effect to the United States Supreme Court's observation that state courts have the authority, pursuant to their supervisory powers, to establish fixed time periods within which criminal cases must be brought to trial. *Commonwealth v. DeBlase*, 542 Pa. 22, 30, 665 A.2d 427, 431 (1995) (citing *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). Rule 1100 "is intended to reduce the backlog of cases awaiting trial and to 'formulate a rule of criminal procedure fixing a maximum time limit' to bring an accused to trial." *Commonwealth v. Smith*, 524 Pa. 72, 75, 569 A.2d 337, 338 (1990) (citing *Commonwealth v. Hamilton*, 449 Pa. 297, 308, 297 A.2d 127, 133 (1972)). The mandatory time requirement of Rule 1100 was designed to encourage both the prosecution and the judiciary to act promptly in criminal cases and to establish an objective time limit for their guidance. *Id.* In pertinent part, Rule 1100 provides:

(a)(2) Trial in a court case in which a written complaint is filed against the defendant, where the defendant is incarcerated on that case, shall commence no later than 180 days from the date on which the complaint is filed.

(3) Trial in a court case in which a written complaint is filed against the defendant, where the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

. . . .

(c) In determining the period for commencement of trial, there shall be excluded therefrom:

(1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;

(2) any period of time for which the defendant expressly waives Rule 1100;

(3) such period of delay at any stage of the proceedings as results from:

(i) the unavailability of the defendant or the defendant's attorney;

(ii) any continuance granted at the request of the defendant or the defendant's attorney.

. . . .

(e) No defendant shall be held in pre-trial incarceration on a given case for a period exceeding 180 days excluding time described in subsection (c) above. Any defendant held in excess of 180 days is entitled upon petition to immediate release on nominal bail.

. . . .

(g) For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.

If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be

denied and the case shall be listed for trial on a date certain. If, on any successive listing of the case, the Commonwealth is not prepared to proceed to trial on the date fixed, the court shall determine whether the Commonwealth exercised due diligence in attempting to be prepared to proceed to trial. If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant.

Pa. R.Crim. P. 1100.

In evaluating Rule 1100 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. *Commonwealth v. Matis,* 551 Pa. 220, 227, 710 A.2d 12, 15 (1998); *Commonwealth v. Malinowski,* 543 Pa. 350, 359, 671 A.2d 674, 678–79 (1996). The proper scope of review in determining the propriety of the trial court's ruling is limited to the evidence on the record of the Rule 1100 evidentiary hearing and the findings of the lower court. *Matis,* 551 Pa. at 227, 710 A.2d at 15; *Commonwealth v. Edwards,* 528 Pa. 103, 105, 595 A.2d 52, 53 (1991). In reviewing the determination of the hearing court, an appellate court must view the facts in the light most favorable to the prevailing party. *Edwards,* 528 Pa. at 105, 595 A.2d at 53 (citing *Commonwealth v. Robinson,* 518 Pa. 156, 541 A.2d 1387 (1988)). With these principles in mind, we now turn to consider each of the appeals before us.[1]

### *Commonwealth v. Hill*

On February 7, 1994, Appellant Vernon Hill and his co-defendant, Larry Whitters, went to the home of Harvey "Flex" Davidson to collect proceeds from the sale of illegal drugs. When Davidson failed to comply with their demands, Hill and Whitters shot him to death.

Police arrested Hill on February 26, 1994. The following day, the Commonwealth filed a criminal complaint against

---

1. Due to the nature of the claims raised by Hill and Cornell, in which they maintain that they were not brought to trial within the time period mandated by Rule 1100, a detailed summary of the procedural history of each of the cases is necessary.

him, charging him with murder and related offenses. On March 9, 1994, a preliminary hearing was held and on March 30, 1994, Hill waived a formal arraignment and entered a plea of not guilty. On May 2, 1994, Hill filed an omnibus pretrial motion. On that same day, the trial court listed the case for a bail hearing. On May 20, 1994, the trial court denied the bail petition and scheduled the matter for a status hearing.

The trial court conducted status hearings on June 9, 1994, June 23, 1994, June 29, 1994 and July 21, 1994. At each of these hearings, the trial court noted that the investigation remained incomplete and was ongoing. On August 19, 1994, the trial court listed the case in the "Ready Pool."

On August 29, 1994, Hill filed his second pretrial motion, in which he requested that his trial be severed from his co-defendant's. On October 12, 1994, Hill filed a third pretrial motion, seeking to bar the death penalty as unconstitutional.[2] On October 17, 1994, the trial court conducted a conference to organize the motions filed by Hill and to schedule a hearing. On November 22, 1994 and January 24, 1995, the trial court conducted hearings on the motion to bar the death penalty. On January 25, 1995, Hill filed an amendment to his motion attacking Pennsylvania's death penalty statute, adding claims that the statute violated Pennsylvania's constitution.

The trial court scheduled a pretrial proceeding for May 12, 1995, but due to the unavailability of the Commonwealth, continued the proceeding for three days later. At the proceeding on May 15, 1995, the trial court scheduled a hearing for Hill's motion to sever and listed the trial to begin on September 13, 1995. On June 12, 1995, the trial court heard arguments on the motion to sever and subsequently denied

2. This motion was filed by the Defender Association of Philadelphia and named nineteen criminal defendants, including Hill. In the motion, Hill claimed that Pennsylvania's death penalty statute violated the federal constitution because the aggravating factors were over-inclusive. Specifically, he contended that the death penalty statute contained so many aggravating factors that at least one aggravating factor applied to virtually all defendants charged with murder. To support his claim, Hill presented extensive statistical information which had been gathered by reviewing 449 cases in which a defendant had been charged with murder.

the motion on June 20, 1995. At the Commonwealth's request, the trial court also rescheduled Hill's trial for October 18, 1995. On July 6, 1995, the trial court denied Hill's motion to bar the death penalty as unconstitutional.

A hearing on Hill's omnibus pretrial motion was scheduled for July 13, 1995, but at the Commonwealth's request, the trial court continued the hearing until the following day. On July 14, 1995, testimony on the motion was taken. Since the taking of the testimony was not completed by the end of the day, the hearing was continued until July 18, 1995. On July 18, 1995, the Commonwealth was unavailable due to illness and, as a result, the trial court continued the hearing until the commencement of trial.

Shortly before his trial was scheduled to begin, Hill requested a continuance. The trial court granted Hill's request and rescheduled the commencement of trial for December 6, 1995. On the day set for the rescheduled trial, the Commonwealth was unavailable because it was trying another case. To accommodate the Commonwealth, the trial court continued the trial until March 11, 1996.

On March 11, 1996, the trial court completed the hearing on the omnibus pretrial motion and denied it. On that same day, Hill filed a Rule 1100 motion to dismiss the charges, which the trial court denied. On March 12, 1996, Hill waived his right to a jury trial and testimony began. On March 14, 1996, the trial court found Hill guilty of third degree murder, voluntary manslaughter, involuntary manslaughter, possession of an instrument of crime, criminal conspiracy and violating the Uniform Firearms Act. He was sentenced to an aggregate term of fifteen to thirty-six years imprisonment.

On appeal, Hill claimed that the trial court erred by denying his Rule 1100 motion to dismiss. In rejecting Hill's claim, the Superior Court conducted the following analysis. First, the court found that a total of 742 days had elapsed from the time that the criminal complaint was filed on February 27, 1994 until trial commenced on May 11, 1996. Then, the court found that the 441 days between May 2, 1994, and July 17, 1995 were

excludable from the Rule 1100 calculation due to the fact that pretrial motions filed by Hill were pending throughout that period. The court also found that the 49 days between October 18, 1995 and December 5, 1995 were excludable since Hill had requested a continuance during that time. Based on these findings, the court determined that, for purposes of Rule 1100, Hill had been brought to trial 252 days (742 days—441 days—49 days) after the filing of the criminal complaint.

After making the above calculations, the Superior Court observed that, pursuant to Rule 1100(g), a defendant who is not tried within 365 days of the filing of the criminal complaint is entitled to have the charges against him dismissed. Referring back to its finding that Hill's trial had commenced only 252 days after the filing of the criminal complaint for purposes of Rule 1100, the court concluded that Hill was not entitled to the remedy of the dismissal of the charges.[3]

In his appeal to this Court, Hill contends that the Superior Court erred in affirming the trial court's denial of his Rule 1100 motion to dismiss.[4] We disagree.

**3.** In reaching its decision, the Superior Court noted that there are currently two views regarding whether a defendant, who is not eligible to be released on bail, is entitled to Rule 1100's remedy of the dismissal of the charges. The court explained that under the first view, a defendant who is not eligible for bail is entitled to have his charges dismissed only if his trial does not commence within 365 days of the filing of the criminal complaint. The court further explained that under the second view, Rule 1100's remedy of the dismissal of the charges is never available to a defendant who cannot be released on bail, regardless of the number of days that elapse between the filing of the criminal complaint and the commencement of trial. In any event, the Superior Court found it unnecessary to adopt one approach over the other, reasoning that Hill was not entitled to have his charges dismissed under either view because he had been brought to trial 252 days after the filing of the criminal complaint for purposes of Rule 1100.

**4.** In his Petition for Allowance of Appeal, Hill presented two issues, namely: 1) whether the Superior Court erred in determining that he was brought to trial within 365 days of his trial; and 2) whether the Superior Court erred in finding that the unavailability of bail renders the remedy of dismissal of the charges inapplicable to capital defendants. On May 18, 1998, this Court denied Hill's Petition for Allowance of Appeal. Hill then filed a motion for reconsideration, raising only the first issue that he had presented in his petition. On August 18,

Under Rule 1100, trial in a case in which a defendant is not released on bail must commence no later than 180 days from the day on which the criminal complaint is filed. Pa. R.Crim. P. 1100(a)(2); *Commonwealth v. Wilson,* 543 Pa. 429, 445–46, 672 A.2d 293, 301 (1996). Any defendant held in pretrial incarceration in excess of 180 days may petition for release on nominal bail. Pa. R.Crim. P. 1100(e); *Commonwealth v. Abdullah,* 539 Pa. 351, 354, 652 A.2d 811, 812 (1995). If a defendant on bail is not brought to trial within 365 days of the filing of the criminal complaint, he may apply to the court for an order dismissing the charges against him. Pa. R.Crim. P. 1100(g).

Here, Hill was charged with a capital crime. *See Commonwealth v. Truesdale,* 449 Pa. 325, 330, 296 A.2d 829, 832 (1972) ("[A] capital offense is a crime for which the death penalty may, but need not, be inflicted."). Pursuant to Article I, section 14 of the Pennsylvania Constitution, a defendant charged with a capital crime is not eligible to be released from pretrial incarceration on bail. *See Commonwealth v. Spence,* 534 Pa. 233, 242 n. 3, 627 A.2d 1176, 1181 n. 3 (1993); *see also Commonwealth v. Martorano,* 535 Pa. 178, 186, 634 A.2d 1063, 1066 (1993) ("[T]he framers of our constitution recognized the virtual certainty of flight in the face of a possible death penalty."). As noted above, Rule 1100(g) provides that a defendant *on bail* who has not been brought to trial within 365 days of the filing of the criminal complaint may apply to have his charges dismissed. Since a capital defendant is not enti-

1998, this Court entered an order, granting the motion for reconsideration, vacating the denial of the petition and granting the petition. Thus, by way of the August 18, 1998 order, this Court granted review of both of the issues that Hill had presented in his petition. Despite the fact that this Court granted allocatur on both of the issues, Hill has failed to provide any arguments in support of the second issue. Accordingly, the second issue has been waived. *See Commonwealth v. Chandler,* 554 Pa. 401, 409–11, 721 A.2d 1040, 1044 (1998) (claims raised on mere assertions without adequate elaboration or explanation are deemed waived); *Commonwealth v. Unger,* 494 Pa. 592, 595 n. 1, 432 A.2d 146, 147 n. 1 (1980) (claim waived when not included in appellant's "Statement of Questions Involved" portion of brief). Nevertheless, since the two issues presented by Hill in his Petition for Allowance of Appeal are somewhat intertwined, a brief discussion of the law implicated by Hill's second issue is necessary.

tled to bail, this language implies that the dismissal remedy is not available to capital defendants. *See also Commonwealth v. Abdullah,* 539 Pa. 351, 354–55, 652 A.2d 811, 813 (1995) ("[T]he only situation under Rule 1100 which provides for dismissal of the charges is where a defendant *on bail* is not brought to trial within 365 days of the date on which the complaint against him is filed.") (emphasis added); *Commonwealth v. Oliver,* 449 Pa.Super. 456, 463, 674 A.2d 287, 290–91 (1996) ("[I]n light of the plain strictures of Rule 1100, we find that a defendant who has been charged with a capital offense, as prescribed by Article 1, Section 14 of the Pennsylvania Constitution, is entitled to neither dismissal of charges nor nominal bail.").

However, this Court's decision in *Commonwealth v. Spence,* 534 Pa. 233, 627 A.2d 1176 (1993), seems to suggest that the remedy of the dismissal of the charges is available to a capital defendant, but only if he is not brought to trial within 365 days of the filing of the criminal complaint. In *Spence,* the defendant was arrested and held in custody while awaiting trial on a capital murder charge. Prior to the commencement of trial, the Commonwealth filed a petition to extend the Rule 1100 rundate, which the trial court granted. Following his conviction, the defendant filed an appeal, claiming that the trial court erred by granting the Commonwealth's petition to extend and that he was therefore entitled to have his charges dismissed. The defendant argued that the remedy of dismissal of the charges should be available to capital defendants who are not brought to trial within 180 days. In making this argument, the defendant rationalized that since Rule 1100's remedy for failing to commence trial within 180 days is release on nominal bail and since bail is unavailable to capital defendants, the only possible remedy for capital defendants not tried within 180 days was the dismissal of the charges. This Court rejected the defendant's claim, holding that the remedy of the dismissal of the charges is only available to defendants who are not tried within 365 days of the filing of the criminal complaint. Since the defendant had been brought to trial within 365 days of the filing of the criminal complaint, the

Court found that the defendant was not entitled to have his charges dismissed. *Spence,* 534 Pa. at 243 n. 4, 627 A.2d at 1181 n. 4; *see also Commonwealth v. Cook,* 544 Pa. 361, 373 n. 11, 676 A.2d 639, 645 n. 11 (1996) (relying on *Spence* for proposition that 365 day rundate applies to capital defendants who are not entitled to bail).

In this appeal, Hill seeks to establish that he is entitled to have the charges against him dismissed. Even *assuming arguendo* that the remedy of the dismissal of the charges is available to capital defendants under *Spence,* Hill is not entitled to such a remedy since, as explained below, he has failed to demonstrate that his trial did not commence within 365 days of the filing of the criminal complaint.

■ In considering whether a defendant has been brought to trial within the time requirements of Rule 1100, a court must determine whether any "excludable time" exists. The term "excludable time" derives from Rule 1100(c) and refers to any period of time which is excludable from the calculation of determining whether a Rule 1100 violation has occurred. *Matis,* 551 Pa. at 229, 710 A.2d at 16; *Cook,* 544 Pa. at 374, 676 A.2d at 645. Here, the Superior Court found that the 441 day period between May 2, 1994 and July 17, 1995 constituted excludable time because Hill had pretrial motions pending throughout that period. Hill contends that the Superior Court improperly excluded this 441 day period because, according to Hill, the time between the filing and resolution of pretrial motions is not excludable from the Rule 1100 calculation.

As noted above, Rule 1100(c) provides that in determining the period for the commencement of trial, delays resulting from the unavailability of the defendant should be excluded from the Rule 1100 calculation. Pa. R.Crim. P. 1100(c)(3)(i). Consistent with the plain language of Rule 1100(c), courts have found that delays caused by pretrial motions constitute excludable time where the pretrial motion renders the defendant unavailable. *See Commonwealth v. Chilcote,* 396 Pa.Super. 106, 113, 578 A.2d 429, 432 (1990); *Commonwealth v. Mason,* 358 Pa.Super. 562, 574, 518 A.2d 282, 288 (1986).

Here, in discussing whether the period of time spent litigating Hill's pretrial motions constituted excludable time, the Superior Court evaluated two lines of conflicting cases. The first line of cases has followed the Superior Court's holding in *Commonwealth v. Riffert*, 379 Pa.Super. 1, 549 A.2d 566 (1988). *See, e.g., Oliver*, 674 A.2d at 290; *Commonwealth v. Palmer*, 384 Pa.Super. 379, 384–85, 558 A.2d 882, 885 (1989). In *Riffert*, the court held that the time intervening between a defendant's filing of a pretrial motion and the trial court's disposition of such motion is automatically excludable from the Rule 1100 calculation. In reaching this decision, the court reasoned:

> The critical point, as I see it, is that in instituting her constitutional challenge, appellant initiated foreseeable delay for which the Commonwealth was not responsible. The period extending from the date of appellant's motion to the date of the trial court's order denying the motion should be excluded from the 180–day period. To permit the period to run while the court deliberated on the motion would be to permit appellant to wield her right to a speedy trial in an unjust and uncontemplated manner.

*Riffert*, 379 Pa.Super. at 9, 549 A.2d at 570 (citing *Commonwealth v. Bond*, 350 Pa.Super. 341, 358, 504 A.2d 869, 878 (1986) (Spaeth, P.J., concurring)).

Under the second line of cases, courts have sought to avoid the strict application of *Riffert* by considering the nature of the pretrial motion when determining whether delays caused by the motion are excludable. These courts have held that pretrial motion delays may be excluded from the Rule 1100 calculation only when the motion is duplicitous and complex. *See Commonwealth v. Stilley*, 455 Pa.Super. 543, 558 n. 6, 689 A.2d 242, 250 n. 6 (1997); *Commonwealth v. Smith*, 402 Pa.Super. 257, 263, 586 A.2d 957, 960 (1991); *Commonwealth v. Reeves*, 378 Pa.Super. 29, 33, 548 A.2d 260, 262 (1988); *Commonwealth v. Shelton*, 239 Pa.Super. 195, 200, 361 A.2d 873, 876, *aff'd*, 469 Pa. 8, 364 A.2d 694 (1976). Applying this approach, the *Shelton* court explained that "the effectiveness of Rule 1100 would be seriously hampered, if not destroyed, if

we were to charge the accused with the time consumed in the determination of regular pre-trial motions." 239 Pa.Super. at 200, 361 A.2d at 876.

Although this Court has never expressly acknowledged the conflict represented by these competing lines of cases, we have cited favorably to *Riffert* in previous opinions. For example, in *Commonwealth v. Cook*, 544 Pa. 361, 374 n. 13, 676 A.2d 639, 646 n. 13 (1996), we cited *Riffert* in finding that the trial court had properly excluded a 13 day delay which was caused by the defendant's filing of a motion to quash. Similarly, in *Commonwealth v. Montione*, 554 Pa. 121, 720 A.2d 738 (1998), the defendant claimed that the time during which his pretrial motion was pending should not have been excluded from the calculation of whether he was tried within the time requirements prescribed by the Interstate Agreement on Detainers.[5] Again, citing *Riffert*, we held that the delay caused by the filing of the pretrial motion should be excluded form the consideration of whether the defendant's trial was held in a timely manner. *Montione*, 720 A.2d at 741.

In the instant case, the Superior Court expressed concern that applying the holding in *Riffert* in a prophylactic manner could lead to unfair results. The Superior Court explained that pursuant to *Riffert*, even delays caused by the Commonwealth could be excludable from the Rule 1100 calculation. As an example, the court noted that if it were to strictly apply *Riffert* to the facts of this case, the delay caused by the Commonwealth's request for a continuance on July 13, 1995 would be excludable from the Rule 1100 calculation since at least one of Hill's pretrial motions was pending at that time. Recognizing the potential inequities that could result by adopting *Riffert*, the Superior Court warned that "the indiscriminate exclusion of any and all delay accruing between the

---

5. The Interstate Agreement on Detainers is an agreement between forty-eight states, the District of Columbia, Puerto Rico, the Virgin Islands and the United States that establishes procedures for the transfer of prisoners incarcerated in one jurisdiction to the temporary custody of another jurisdiction which has lodged a detainer against a prisoner. *Montione*, 720 A.2d at 740.

filing and disposition of pre-trial motions . . . will render Rule 1100 meaningless." Super. Ct. Op., at 11–12.

In light of the obvious unjust results that may occur by following *Riffert*, it is necessary to look to other cases involving Rule 1100 for guidance.[6] In *Commonwealth v. Polsky*, 493 Pa. 402, 426 A.2d 610 (1981), this Court was presented with an issue similar to the one raised by Hill. In *Polsky*, a criminal complaint was filed against the defendant, charging him with murder and certain weapons offenses. After learning that the defendant had been arrested and was being held in North Carolina, the Commonwealth attempted to secure the return of the defendant for trial in Pennsylvania. Sixty-seven days after the filing of the criminal complaint, the Commonwealth succeeded in having the defendant sign an extradition waiver, which led directly to his return. Following his conviction, the defendant appealed, claiming that the Commonwealth violated Rule 1100 by failing to bring him to trial in a timely manner. The Commonwealth maintained that his trial was timely, contending that the time between the filing of the criminal complaint and the defendant's waiver of extradition was excludable from the Rule 1100 calculation since the defendant was unavailable for trial while in custody in North Carolina.

This Court held that Rule 1100 " 'requires a showing of due diligence in order for the Commonwealth to avail itself of an exclusion.' " *Id.* at 406, 426 A.2d at 612 (citing *Commonwealth v. Mitchell*, 472 Pa. 553, 561, 372 A.2d 826, 830 (1977)). The Court explained that in order to establish that the period was excludable from the Rule 1100 calculation, the Commonwealth was required to show, by a preponderance of the evidence, that it acted with due diligence throughout the period. Since the *Polsky* Court found that the Commonwealth exercised due

---

**6.** We also decline to follow the competing line of Superior Court cases which has held that delays caused by a pretrial motion are excludable from the Rule 1100 calculation only if the motion is duplicitous and complex. *See, e.g., Stilley*, 455 Pa.Super. at 558 n. 6, 689 A.2d at 250 n. 6. Such a standard would impose a larger burden than necessary on a trial court, forcing it to grapple with the nebulous issue of whether a pretrial motion is "duplicitous" or "complex" enough to make the defendant unavailable for purposes of Rule 1100.

diligence in attempting to secure the return of the defendant for trial, the Court held that the sixty-seven day period between the filing of the criminal complaint and the defendant's waiver of extradition constituted excludable time. *See also Commonwealth v. Kubin*, 432 Pa.Super. 144, 147, 637 A.2d 1025, 1026–27 (1994) (defendant who is incarcerated in another jurisdiction is unavailable within meaning of Rule 1100(c) if Commonwealth exercises due diligence in attempting to procure his return); *Commonwealth v. Woods*, 444 Pa.Super. 321, 331, 663 A.2d 803, 808 (1995); *Commonwealth v. Lloyd*, 370 Pa.Super. 65, 81, 535 A.2d 1152, 1160 (1988).

This Court employed a similar analysis in *Commonwealth v. Edwards*, 528 Pa. 103, 595 A.2d 52 (1991), where the trial court granted a Rule 1100 motion to dismiss filed by the defendant. On appeal, the Commonwealth argued that the trial court erred by failing to exclude from the Rule 1100 calculation the time between the defendant's request for discovery and the Commonwealth's production of the discovery. In rejecting the Commonwealth's argument, this Court found that the time during which the discovery request was pending did not constitute excludable time because the Commonwealth, by failing to produce the requested discovery for at least a two month period, had failed to exercise due diligence in responding to the defendant's requests. 528 Pa. at 106–08, 595 A.2d at 53–54.

We find the reasoning of *Polsky* and *Edwards* equally applicable to the instant appeal. When a defendant is deemed unavailable for trial, the time is excludable from the Rule 1100 calculation; however, the mere filing of a pretrial motion by a defendant does not automatically render him unavailable. Rather, a defendant is only unavailable for trial if a delay in the commencement of trial is caused by the filing of the pretrial motion.[7] *See Polsky*, 493 Pa. at 406, 426 A.2d

7. We are aware that there is a common practice among trial courts to defer the consideration of a pretrial motion until the commencement of trial. We wish to emphasize that, based on our holding, once a court defers the consideration of a pretrial motion until trial, the time during which the pretrial motion is pending is not excludable from the Rule

at 612; *Edwards,* 528 Pa. at 106–08, 595 A.2d at 53–54; *Kubin,* 432 Pa.Super. at 147, 637 A.2d at 1026–27. If a delay is created, in order to establish that the delay is excludable, the Commonwealth must demonstrate, by a preponderance of the evidence, that it exercised due diligence in opposing or responding to the pretrial motion. *See Polsky,* 493 Pa. at 406, 426 A.2d at 612; *Edwards,* 528 Pa. at 106–08, 595 A.2d at 53–54; *Kubin,* 432 Pa.Super. at 147, 637 A.2d at 1026–27. A delay caused by the Commonwealth's lack of due diligence will not constitute excludable time.

█ In the instant case, Hill contends that the Superior Court erred by excluding the entire 441 day period from May 2, 1994 until July 17, 1995 from the Rule 1100 calculation. The record shows that Hill filed four pretrial motions during this period. Specifically, he filed an omnibus pretrial motion on May 2, 1994, a motion to sever on August 29, 1994, a motion challenging the constitutionality of the death penalty statute on October 12, 1994, and an amended motion attacking the death penalty statute on January 25, 1995. The motion to sever was decided on June 20, 1995, the motion attacking the death penalty statute was decided on July 6, 1995, but the

1100 calculation. A defendant is not unavailable for trial within the meaning of Rule 1100(c) when a court continues the consideration of a defendant's pretrial motion until trial, since it cannot be said that such motion is causing a delay in the commencement of trial.

For example, on July 18, 1995, the trial court in the instant case continued the hearing on Hill's omnibus pretrial motion until trial. On March 11, 1996, the day before trial commenced, the trial court conducted the hearing and rendered its decision on the motion. Applying our holding to these facts, the time between July 18, 1995 and March 11, 1996 does not constitute excludable time, even though Hill's omnibus pretrial motion was pending throughout that period. Once the trial court continued the consideration of Hill's omnibus pretrial motion until trial, the motion no longer caused a delay in the commencement of trial, and thus, any time following the court's continuance of the motion is not excludable from the Rule 1100 calculation.

As an aside, we note that Pennsylvania Rule of Judicial Administration 703 requires judges to compile semi-annual reports, listing any matter that has been submitted for a decision and remains undecided for a period of ninety days or more. By mandating that judges take an inventory of matters in chambers and evaluate their status, Rule 703, in effect, minimizes the risk that Rule 1100 violations will result from delayed decisions on pre-trial motions.

omnibus pretrial motion was not decided until after July 17, 1995. Thus, at least one pretrial motion was pending throughout the entire period from May 2, 1994 until July 17, 1995.

The record also shows that in considering Hill's pretrial motions, the trial court conducted numerous hearings and other proceedings between May 2, 1994 and July 17, 1995.[8] Thus, due to Hill's filing of pretrial motions, the commencement of his trial was delayed. In order to determine whether the delays caused by the pretrial motions should be excluded from the Rule 1100 calculation, we must consider whether the Commonwealth exercised due diligence in opposing them.

Due diligence is a fact-specific concept that must be determined on a case-by-case basis. *Kubin,* 432 Pa.Super. at 147, 637 A.2d at 1027; *Lloyd,* 370 Pa.Super. at 81, 535 A.2d at 1160. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth. *Polsky,* 493 Pa. at 407, 426 A.2d at 613; *Kubin,* 432 Pa.Super. at 147, 637 A.2d at 1027 (citing *Commonwealth v. DeMarco,* 332 Pa.Super. 315, 323, 481 A.2d 632, 636 (1984)).

A review of the record reveals two instances in which the Commonwealth failed to exercise due diligence. The first instance occurred on May 12, 1995. The trial court had scheduled a proceeding for that day in order to set a date for a hearing on the motion to sever. Due to the unavailability of the Commonwealth, however, the trial court was forced to continue the proceeding until three days later. The second instance occurred on July 13, 1995. On that day, the trial

---

**8.** Specifically, the record indicates the following activity between May 2, 1994 and July 17, 1995. On June 9, 1994, June 23, 1994, June 29, 1994 and July 21, 1994, the trial court conducted status hearings, indicating that investigation remained incomplete. On October 17, 1994, the court held a pre-status conference for the motion challenging the death penalty statute. On November 22, 1994 and January 24, 1995, the court conducted evidentiary hearings to consider the motion attacking the death penalty. On May 15, 1995, the trial court scheduled a hearing for the motion to sever and set the date for the commencement of trial. On June 12, 1995, the trial court held a hearing regarding consider Hill's motion to sever. On July 14, 1995, the court conducted a hearing to consider the omnibus pretrial motion.

court had planned to conduct a hearing on Hill's omnibus pretrial motion, but the Commonwealth requested a continuance, and, as a result, the hearing was postponed until the following day. Considering these two instances together, the Commonwealth's failure to exercise due diligence resulted in a total delay of four days. Since the Commonwealth's lack of due diligence caused a four day delay, four days between May 2, 1994 and July 17, 1995 are not excludable from the Rule 1100 calculation.

With the exception of these two instances, the record shows that the Commonwealth attended and was prepared for each of the hearings and other proceedings that were conducted by the trial court throughout this period. Thus, other than the two instances noted above, the Commonwealth was duly diligent during the period between May 2, 1994 and July 17, 1995. Consequently, the entire period, less four days, constitutes excludable time.

The Superior Court found that the entire period between May 2, 1994 and July 17, 1995 was excludable from the Rule 1100 calculation, and therefore, that Hill had been brought to trial within 252 days of the filing of the criminal complaint for purposes of Rule 1100. Since the Superior Court erred by excluding four of the days between May 2, 1994 and July 17, 1995, we find that Hill, for purposes of Rule 1100, has established that his trial commenced 256 days, rather than 252 days, after the filing of the criminal complaint.

Under Rule 1100, a defendant is entitled to have his charges dismissed if he is not brought to trial within 365 days of the filing of the criminal complaint. Pa. R.Crim. P. 1100(g). Since the Superior Court's error only resulted in the improper exclusion of a four day period, Hill has failed to establish that his trial was held beyond the 365 day deadline. Therefore, he is not entitled to the remedy of the dismissal of the charges. *See Spence,* 534 Pa. at 243 n. 4, 627 A.2d at 1181 n. 4; *Cook,* 544 Pa. at 373 n. 11, 676 A.2d at 645 n. 11. Accordingly, we affirm the decision of the Superior Court.

*Commonwealth v. Cornell*

On March 6, 1992, police arrested Appellant George Cornell and his co-defendant, Richard Young, and filed criminal charges against them. Shortly thereafter, police arrested and charged Cornell's other co-defendant, William Slick. All three men were charged in connection with the murder of Richard Loomis. The trial court scheduled the preliminary hearing for April 3, 1992, but, at Cornell's request, the hearing was continued and subsequently took place on April 27, 1992. On May 8, 1992, Cornell entered a plea of not guilty at his arraignment.

On June 16, 1992, Cornell's co-defendant, Richard Young, filed his first pretrial motion. This motion sought the recusal of all of the judges sitting on the Court of Common Pleas of Lackawanna County on the ground that Young had sued each of the judges. On July 6, 1992, the entire court recused itself and this Court specially appointed Senior Judge Grifo to preside over the case. During the course of the next three years, Young filed over 100 pretrial motions.

On August 25, 1992, Cornell filed an omnibus pretrial motion which included a motion to dismiss the charge of conspiracy, a motion to sever and a motion to dismiss upon the affidavit of probable cause. On September 10, 1992, Cornell filed a Rule 1100 motion, claiming that he was entitled to be released on nominal bail since the Commonwealth had failed to bring him to trial within 180 days of the filing of the criminal complaint. *See* Pa. R.Crim. P. 1100(e). On October 27, 1992, the trial court granted the Rule 1100 motion and released Cornell from custody on the condition that he be confined to house arrest pending trial. On December 22, 1992, the trial court held a hearing to consider Cornell's omnibus motion and denied him relief.

The trial court scheduled the consolidated trial for March 1, 1993. Shortly before this date, however, Young appealed the denial of several of his pretrial motions. Due to the filing of this appeal, the trial court stayed the commencement of trial.

On February 5, 1993, the Superior Court denied Young's appeal.

At a hearing on March 11, 1993, Cornell requested partial reconsideration of the denial of his omnibus pretrial motion. Then, on April 1, 1993, Cornell joined in a Rule 1100 motion to dismiss filed by his co-defendant, William Slick. The trial court held hearings to consider open matters in the case on April 1, 2, 19 and 21, 1993. As of the April 19, 1993 hearing date, Young had filed 129 pretrial motions, including a Rule 1100 motion to dismiss.

Following the denial of one of his pretrial motions, Young once again filed an appeal with the Superior Court. On February 10, 1994, the Superior Court denied him his requested relief. In that same month, this Court did not renew the appointment of Senior Judge Grifo. On April 5, 1994, Senior Judge Grifo's replacement, Judge Brominski, conducted a pretrial conference. At this hearing, Cornell requested a continuance in order to file another pretrial motion, which the trial court granted. Shortly thereafter, Judge Brominski requested that this Court appoint a different judge to preside over the case. This Court granted Judge Brominski's request and appointed Judge Myers to oversee the trial.

On October 19, 1994, the trial court held a status conference and scheduled a hearing. At the hearing on November 9, 1994, Cornell withdrew his request for partial reconsideration of his omnibus pretrial motion and the trial court dismissed all issues related to that motion. On March 13–16, 1995, the trial court conducted hearings on Young's outstanding motions.

On June 7, 1995, Cornell filed a Rule 1100 motion to dismiss. In the motion, he claimed that he was entitled to have the charges against him dismissed since he had not been brought to trial within 365 days of the filing of the criminal complaint. On July 19, 1995, the trial court granted the motion and dismissed the charges against Cornell.

On appeal, the Superior Court reversed the decision of the trial court. The court first noted that a total of 1230 days had elapsed from the time that the criminal complaint against

Cornell was filed on March 6, 1992 until the charges were dismissed on July 19, 1995. Then, the court found that the 876 days between June 16, 1992 and November 8, 1994 were excludable from the Rule 1100 calculation since Cornell's co-defendants had pretrial motions pending throughout that period, rendering Cornell unavailable for trial. The court also found that the 24 days between April 3, 1992 and April 27, 1992 constituted excludable time because Cornell had requested a continuance of the preliminary hearing during that period. Based on these findings, the court determined that, for purposes of Rule 1100, the charges against Cornell had been dismissed 330 days (1230 days—876 days—24 days) after the filing of the criminal complaint.

After making the above calculations, the Superior Court observed that pursuant to Rule 1100(a)(3), Cornell's trial was required to commence within 365 days of the filing of the criminal complaint. Since it had determined that Cornell's charges had been dismissed 330 days after the filing of the criminal complaint, the Superior Court held that the trial court erred by finding that Cornell's trial had failed to commence in a timely manner. The Superior Court also held that even if more than 365 days had elapsed between the filing of the criminal complaint and the trial court's grant of the motion to dismiss, Cornell was still not entitled to have the charges against him dismissed because the Commonwealth had exercised due diligence in prosecuting Cornell and the delay in the prosecution was occasioned by circumstances beyond the Commonwealth's control.

In his appeal to this Court, Cornell contends that the Superior Court erred by finding that the 876 day period between June 16, 1992 and November 9, 1994, during which Cornell's co-defendants had pretrial motions pending, constituted excludable time. He maintains that the time between the filing and resolution of co-defendant's pretrial motions are not excludable from the Rule 1100 calculation. In support of his argument, Cornell relies primarily on *Commonwealth v. Hagans*, 482 Pa. 572, 394 A.2d 470 (1978). In *Hagans*, this

Court held that any delay caused by a co-defendant was not excludable from the Rule 1100 calculation, explaining:

> To hold that appellees are to be deemed unavailable because of a delay caused by a co-defendant or that they should be held responsible for a continuance which they did not request, would require a deliberate distortion of the language of [Rule 1100]. Further, we are not impressed by the reasoning offered in support of such a construction of [Rule 1100]. The Commonwealth would have us assume that these appellees necessarily benefited from the delaying tactics of their co-defendants and proceed to argue that it would be unfair not to hold them accountable for the period of time that expired. Even if we were inclined to indulge in that sort of speculation, which we are not, it does not follow that the possibility of a fortuitous benefit must give rise to an obligation on the part of appellees to affirmatively disassociate themselves. While it is true that dilatory practices of parties or their counsel are not to be countenanced, it would be unjustified to hold one accountable who was not responsible for those tactics even if some accidental benefit inured to him as a result.

482 Pa. at 576–77, 394 A.2d at 472 (citations omitted).

Despite the fact that this Court's holding in *Hagans* appears unmistakably clear, the Superior Court in the instant matter neglected to cite it. Instead, in reaching its decision, the court relied on *Commonwealth v. Zaslow*, 448 Pa.Super. 289, 671 A.2d 707 (1996). In *Zaslow*, the defendant and his three co-defendants were charged in connection with their involvement in a racketeering conspiracy. Prior to the commencement of trial, an attorney for one of the co-defendants requested several continuances due to his client's on-going mental difficulties. Following the trial court's grant of these continuances, the defendant filed a motion to dismiss, claiming that he had not been brought to trial within the time requirements of Rule 1100. The Superior Court rejected the defendant's claim and found that Rule 1100 had not been violated. In reaching this decision, the court found that the entire period during which the co-defendant's psychiatric evaluation was pending

was excludable from the Rule 1100 calculation. The court reasoned that the preference for a joint trial warranted the exclusion of the delay caused by the co-defendant.

Having reviewed *Hagans* and *Zaslow*, it is apparent that the holding in *Zaslow* contradicts this Court's decision in *Hagans*. In *Hagans*, this Court clearly held that the delays caused by a co-defendant do not constitute excludable time under Rule 1100. By relying on *Zaslow*, the Superior Court in the instant matter reached a conclusion which is in direct conflict with a decision of this Court. Based on *Hagans*, we find that the Superior Court erred by excluding the entire 876 day period between June 16, 1992 and November 8, 1994 on the ground that the pre-trial motions of Cornell's co-defendants were pending throughout that period.

Based on our review of the record, only 727 of the 876 days between June 16, 1992 and November 8, 1994 are excludable from the Rule 1100 calculation.[9] By improperly finding that the entire 876 day period constituted excludable time, the Superior Court incorrectly excluded 149 days (876 days—727 days) from the Rule 1100 calculation. As noted earlier, the Superior Court determined that the trial court dismissed the charges against Cornell 330 days after the filing of the criminal complaint for purposes of Rule 1100. Since the Superior Court improperly excluded 149 days from the Rule 1100 calculation, Cornell has established that the trial court dismissed the charges 479 days (330 days + 149 days) after the filing of the criminal complaint for purposes of Rule 1100. Since Cornell has shown that the charges against him were dismissed 479 days after the filing of the criminal complaint

9. Specifically, we find that the 119 days between August 25, 1992 and December 22, 1992 and the 608 days between March 11, 1993 and November 9, 1994 are excludable from the Rule 1100 calculation. Throughout each of these periods, at least one pretrial motion filed by Cornell was pending. Although this does not, as discussed above in *Commonwealth v. Hill*, automatically render Cornell unavailable for trial, the record shows that the Commonwealth attended and was prepared for each of the proceedings that was conducted in consideration of these motions. Consequently, the Commonwealth was duly diligent in opposing Cornell's pretrial motions and therefore the entire periods during which these motions were pending constitute excludable time.

for purposes of Rule 1100, well beyond the 365 day deadline prescribed by Rule 1100(a)(3), a violation of Rule 1100 has occurred.

However, even where a violation of Rule 1100 has occurred, the motion to dismiss the charges should be denied if "the Commonwealth exercised due diligence and ... the circumstances occasioning the postponement were beyond the control of the Commonwealth." Pa. R.Crim. P. 1100(g); *Spence*, 534 Pa. at 243, 627 A.2d at 1181; *Malinowski*, 543 Pa. at 359, 671 A.2d at 678–79. In the instant case, the Superior Court found that even if Cornell was not brought to trial within the time requirements of Rule 1100, he was not entitled to the remedy of the dismissal of the charges because "the delay in this prosecution was occasioned by circumstances beyond the Commonwealth's control, and because there is no evidence that prosecution of this case was performed with anything but due diligence." Super. Ct. Op., at 9 (citing Pa. R.Crim. P. 1100(g)). We agree.

Our review of the record indicates that there were numerous pretrial proceedings held in conjunction with the prosecution of Cornell, including the preliminary hearing, the arraignment and the hearings to consider Cornell's pretrial motions on December 22, 1992, November 9, 1994 and throughout April, 1994. The record also shows that the Commonwealth attended and was prepared for each of these proceedings. In addition, on September 17, 1992, once it became apparent that the trial was unlikely to commence in a timely manner, the Commonwealth filed a motion to extend the time of trial, which the trial court granted.[10] Thus, the record illustrates that the Commonwealth sought to advance the prosecution of Cornell, while remaining cognizant of the Rule 1100 deadline. Based on these circumstances, we find that the Commonwealth was duly diligent in prosecuting Cornell. *Cf. Common-*

10. Under the former version of Rule 1100, subsection (c) required the Commonwealth to file petitions to extend the time for trial in certain circumstances. Effective December 31, 1987, Rule 1100 was amended, deleting this requirement. *Commonwealth v. Nesmith*, 425 Pa.Super. 291, 297 n. 3, 624 A.2d 1078, 1081 n. 3 (1993); *Commonwealth v. Hollenbach*, 375 Pa.Super. 281, 301–02, 544 A.2d 471, 482 (1988).

*wealth v. Browne,* 526 Pa. 83, 90, 584 A.2d 902, 906 (1990) (Commonwealth failed to exercise due diligence where it failed to appear at two separate proceedings and neglected to employ simple recordkeeping system to insure that prosecution in accordance with Rule 1100 was not jeopardized); *Commonwealth v. Johnson,* 405 Pa.Super. 363, 370–71, 592 A.2d 706, 709–10 (1991) (Commonwealth failed to exercise due diligence where it was unprepared at first and second trial listings).

Moreover, the record shows that Cornell's trial was initially scheduled to begin on March 1, 1993, well within the time requirements of Rule 1100. Due to the filing of an appeal by co-defendant Young, the trial was stayed. From that point forward, trial was unable to commence primarily because of Young's filing of an inordinate number of pretrial motions. In fact, as of April 19, 1993, Young had filed 129 pretrial motions. Thus, the record clearly demonstrates that the delay in starting the trial was beyond the Commonwealth's control.

Based on the foregoing, we agree with the Superior Court that the Commonwealth was duly diligent in prosecuting Cornell and that the delay in commencing trial was occasioned by circumstances beyond the control of the Commonwealth. Therefore, Cornell is not entitled to have the charges against him dismissed. *See* Pa. R.Crim. P. 1100(g); *Spence,* 534 Pa. at 243, 627 A.2d at 1181; *Malinowski,* 543 Pa. at 359, 671 A.2d at 678–79. Accordingly, we affirm the decision of the Superior Court.

Justice ZAPPALA files a concurring and dissenting opinion.

ZAPPALA, Justice, concurring and dissenting.

Although I concur in the disposition of *Commonwealth v. Hill,* I must respectfully dissent from the disposition of *Commonwealth v. Cornell.*

The criminal complaint against Cornell was filed on March 4, 1992. On June 7, 1995, Cornell filed a motion to dismiss the charges pursuant to Pa.R.Crim.P. 1100.[1] The Lackawanna

1. "Rule 1100 provides that a trial must commence no later than 365 days from the date on which the criminal complaint is filed unless there

County Common Pleas Court agreed with Cornell that a technical violation of Rule 1100 had occurred and further found that the Commonwealth had failed to meet its burden of proving that it had acted with due diligence in bringing Cornell to trial. Accordingly, the court dismissed the charges against Cornell.

On appeal, the Superior Court reversed the order of the common pleas court on the basis that no technical Rule 1100 violation had occurred. The Superior Court reasoned that the periods of delay attributable to Cornell's co-defendants constituted excludable time with regard to the Rule 1100 calculation.

In reaching the conclusion that no technical Rule 1100 violation had occurred, the Superior Court failed to follow our decision in *Commonwealth v. Hagans*, 482 Pa. 572, 394 A.2d 470 (1978). As aptly stated by the majority, "[s]ince ... the charges against [Cornell] were dismissed 479 days after the filing of the criminal complaint for purposes of Rule 1100, well beyond the 365 day deadline prescribed by Rule 1100(a)(3), a violation of Rule 1100 has occurred." (Maj. Opinion at 591). With this portion of the majority's analysis, I agree.

The majority nevertheless goes on to affirm the Superior Court's order, which reversed the trial court's dismissal of the charges against Cornell, agreeing with the Superior Court that "the delay in this prosecution was occasioned by circumstances beyond the Commonwealth's control, and ... there is no evidence that prosecution of this case was performed with anything but due diligence." (Super. Ct. Op. at 9). In so finding, the Superior Court exceeded the applicable standard of review and the majority perpetuates the error.

The standard of review of a trial court's decision to dismiss charges pursuant to Rule 1100 is whether the trial court abused its discretion. *Commonwealth v. Edwards*, 528 Pa. 103, 595 A.2d 52 (1991). The appellate court must confine its

is 'excludable' time, delay attributable to the defendant or defense counsel. However, a defendant is not entitled to a dismissal of charges after 365 days if the Commonwealth exercises due diligence in attempting to go to trial. Pa.R.Crim.P. 1100(g)." *Commonwealth v. Matis*, 551 Pa. 220, 228, 710 A.2d 12, 16 (1998).

inquiry to the evidence in the record along with the findings of the trial court. *Commonwealth v. Matis,* 551 Pa. 220, 710 A.2d 12 (1998).

In its memorandum and order, the trial court noted that it was following the Rule 1100 procedure set forth by the Superior Court in *Commonwealth v. Senft,* 404 Pa.Super. 499, 591 A.2d 318 (1991):

First, we must "determine whether there is a technical violation of the Rule by applying either subsections (a)(1), (a)(2), (a)(3) or (a)(4).["] *Commonwealth v. Senft,* 591 A.2d at 319 (citation omitted). Second, we must "determine whether any time should be excluded from the three hundred sixty-five (365) days under subsection (c)." *Id.* at 320 (citation omitted). Finally, we must "determine at the hearing on the petition to dismiss whether, despite the technical violation of the three hundred and sixty-five (365) days, the Commonwealth has with due diligence attempted to bring the matter to trial and whether the delay was beyond the control of the Commonwealth." *Id.*

(Trial Ct. Op. at 9).

After undertaking the first two parts of the analysis, the trial court properly determined that a technical Rule 1100 violation had occurred. The trial court was then faced with the due diligence analysis:

"Where three hundred and sixty-five (365) days is exceeded by time not attributable to the defendant's conduct, the burden of proof is placed upon the Commonwealth to establish, by a preponderance of the evidence, that it acted with due diligence in bringing the defendant to trial." *Commonwealth v. Johnson,* [405 Pa.Super. at 371–72, 367–68] 592 A.2d [at] 710, 708 (Pa.Super.1991). The Commonwealth, at the time of hearing, must create a record establishing that, regardless of due diligence, it could not bring the defendant to trial in a timely fashion. *Commonwealth v. Caden,* [337 Pa.Super. 390] 487 A.2d 1, 4 (Pa.Super.1984).

While the "court may properly take judicial notice of uncontested notations in the court record in determining

whether the Commonwealth has exercised due diligence in attempting to bring an accused to trial," *Commonwealth v. Kite*, [321 Pa.Super. 411, 417] 468 A.2d 775, 778 n. 4 (Pa.Super.1983), "mere assertions of due diligence, as well as unsupported facts, are insufficient to meet the required burden." *Commonwealth v. Caden*, 487 A.2d at 4 (citations omitted). "[P]roof of due diligence must appear in the record and failure to adhere to this requirement will justify dismissal with prejudice." *Commonwealth v. Hadfield*, [344 Pa.Super. 470, 474–76] 496 A.2d 1201, 1204 (Pa.Super.1985) (citing *Commonwealth v. Walls*, [303 Pa.Super. 284] 449 A.2d 690 (Pa.Super.1982)).

(Trial Ct. Op. at 12–13). *Accord Commonwealth v. Browne*, 526 Pa. 83, 584 A.2d 902 (1990) (The Commonwealth bears the burden of proving that its efforts to bring the defendant to trial were reasonable and diligent).

The trial court determined that the Commonwealth had failed to meet its burden of establishing that it acted with due diligence in attempting to bring Cornell to trial. The trial court stated:

[T]he Commonwealth, rather than present evidence, chose to rely on the record. Thus, our decision is bound solely by the record, as it stands. The Commonwealth asserts, without more, that it acted with due diligence in that the defendant had motions pending before the Court from August 15, 1992 through November 9, 1994. For the reasons previously addressed, we find this unpersuasive, particularly in light of the Commonwealth's representation [that no motions of Cornell were held open prior to April 5, 1994]. We further find the Commonwealth's assertion that the delays caused by co-defendant Young were attributable to defendant Cornell as unpersuasive, however unwarranted and distracting these delays may have been.

It is true that delays caused by a co-defendant may be attributable to another defendant in the same case. *Commonwealth v. Long*, [367 Pa.Super. 190, 193–95] 532 A.2d 853, 855 (Pa.Super.1987). However, in order to relate such delay to another defendant in the same case, the Common-

wealth must introduce "affirmative evidence" that the defendant "consented or gave the appearance of approval to the delays caused by the co-defendant." *Commonwealth v. Hagans*, 364 A.2d at 330. Absent this evidence, the defendant cannot be held accountable for delay caused by a co-defendant. *Commonwealth v. Kelly*, [246 Pa.Super. 196, 202–04] 369 A.2d 879, 882 (Pa.Super.1976).

The Commonwealth, in the case before us, did not present evidence or affirmatively show that defendant Cornell acquiesced or agreed to the delay caused by co-defendant Young, nor did the Commonwealth establish that defendant Cornell joined in the conduct of defendant Young contributing to the delay. In contrast, defendant Cornell, from the outset, moved for severance from defendant Young, however, the Commonwealth opposed this motion. *See Commonwealth v. Kelly*, [246 Pa.Super. 196, 369 A.2d 879 (Pa.Super.1976) ] (citing *Commonwealth v. Brown*, [242 Pa.Super. 397] 364 A.2d 330 (Pa.Super.1976)[,] and *Commonwealth v. Hagans*, [242 Pa.Super. 393] 364 A.2d 328 (Pa.Super.1976), the Superior Court recognized that when the Commonwealth is faced with such a delay, it has the burden to move for severance of trial).

(Trial Ct. Op. at 13–14).

The trial court thus determined that the Commonwealth, in declining to present evidence at the Rule 1100 hearing and choosing instead to rely solely on the record, had failed to meet its burden of proving that it had acted with due diligence in attempting to bring Cornell to trial. The trial court found particularly persuasive the fact that the Commonwealth failed to move for severance of Cornell's trial from that of his co-defendants, when the Commonwealth was confronted with a delay implicating Rule 1100.

This Court has made it abundantly clear that "[t]he Commonwealth must do everything reasonable within its power to guarantee that a trial begins on time." *Matis*, 710 A.2d at 17,

citing *Browne.* Certainly, severance was a reasonable alternative within the power of the Commonwealth.[2]

Nevertheless, the majority ignores the findings of the trial court and fails to follow the applicable standard of review, arriving at a contrary conclusion through its own independent review of the record. (*See* Majority Opinion at 591–92).[3] Conspicuously absent from the majority's analysis is *any* indication of how the trial court abused its discretion in determining that the Commonwealth failed to meet its burden of establishing that it acted with due diligence.

Absent a showing of an abuse of discretion on the part of the trial court, the Superior Court's order in the case of *Commonwealth v. Cornell* should be reversed and the order of the trial court, dismissing the charges, should be reinstated.

---

**2.** This is especially so when one balances a defendant's constitutional right to a speedy trial against the interests of the Commonwealth and judicial economy in the criminal justice system.

**3.** In doing so, the majority has once again abdicated its responsibility in applying our own court made rules. "So as to avoid following the clear and unambiguous mandate of Rule 1100, the majority has seen fit to once again redraft the Rule by interpretation rather than amendment." *Commonwealth v. Koonce,* 511 Pa. 452, 464, 515 A.2d 543, 549 (1986) (Zappala, J., dissenting); *see also Commonwealth v. Bond,* 516 Pa. 171, 532 A.2d 339 (1987) (Zappala, J., dissenting); *Commonwealth v. Monosky,* 511 Pa. 148, 511 A.2d 1346 (1986) (Zappala, J., dissenting); *Commonwealth v. Terfinko,* 504 Pa. 385, 474 A.2d 275 (1984) (Zappala, J., dissenting); *Commonwealth v. Crowley,* 502 Pa. 393, 466 A.2d 1009 (1983) (Zappala, J., dissenting); *Commonwealth v. Green,* 503 Pa. 278, 469 A.2d 552 (1983) (Zappala, J., dissenting); *Commonwealth v. Manley,* 503 Pa. 482, 469 A.2d 1042 (1983) (Zappala, J., dissenting); *Commonwealth v. Guldin,* 502 Pa. 66, 463 A.2d 1011 (1983) (Zappala, J., dissenting).