**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3751
_____

RICHARD WOODS,

Appellant

v.

MARIROSA LAMAS;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA;
THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA

On Appeal from the United States District Court for
the Eastern District of Pennsylvania
(No. 2-12-cv-01684)
District Judge: Hon. Gene E.K. Pratter

Argued: September 15, 2015

Before: FISHER, CHAGARES, and JORDAN, Circuit Judges.

(Filed: November 23, 2015)

Richard H. Frankel
Kyle Gray, Student Counsel (Argued)
Kathleen Bichner, Student Counsel (Argued)
Appellate Litigation Clinic
Drexel University
Thomas R. Kline School of Law
3320 Market Street
Philadelphia, PA 19104
        Attorneys for Appellants

Susan E. Affronti (Argued)
Thomas W. Dolgenos
Ronald Eisenberg
Edward F. McCann, Jr.

R. Seth Williams
Philadelphia County Office of District Attorney
Three South Penn Square
Philadelphia, PA 19107
        Attorneys for Appellees

_____

OPINION[*]

_____

CHAGARES, Circuit Judge.

Richard Woods appeals the District Court's dismissal of his 28 U.S.C. § 2254

petition. For the reasons that follow, we will affirm, albeit on an alternative basis.[1]

I.

Because we write exclusively for the parties, we set forth only those facts

necessary to our disposition.

Woods was charged on April 10, 2001, with first-degree murder by the

Commonwealth of Pennsylvania for the killing of his brother, and his trial in the Court of

Common Pleas of Philadelphia did not begin until December 9, 2003, 973 days later.

After the complaint was filed, Woods was brought before the Municipal Court of

Philadelphia for a preliminary hearing (continued upon joint request from April 25, 2001,

to May 15, 2001), and his case was listed for status in the Court of Common Pleas. On

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

[1] The attorneys for the appellant are appearing pro bono. We express our gratitude
to those attorneys for accepting this matter pro bono and for the quality of their
representation of their client. Lawyers who act pro bono fulfill the highest service that
members of the bar can offer to indigent parties and to the legal profession.

2

July 6, 2001, the court granted the defense's request for a psychological evaluation to determine Woods's competency to proceed to trial and excluded the time periods from July 6, 2001, to September 10, 2001, for speedy trial purposes under Pennsylvania Rule of Criminal Procedure 600 ("Rule 600"). The competency evaluation was completed on September 17, 2001, at which point the case was again continued to September 24, 2001, with the time excluded. On September 24, 2001, the case was "spun out" to a different judge and continued to October 11, 2001, at which point it was continued for another day until October 12, 2001, because defense counsel was not available. On October 12, 2001, the case was continued to November 8, 2001, to facilitate plea negotiations, with the time excluded. On November 26, 2001, the court granted Woods's attorney's motion to withdraw, and new counsel was appointed.

During the next hearing on March 26, 2002, the court declined to change the original trial date of July 15, 2002, which was marked "E.P.D.," apparently an abbreviation for "earliest possible date."[2] The period from November 26, 2001, through July 15, 2002, was not excluded. On July 15, 2002, the defense sought a continuance, and the proceedings were continued until January 21, 2003. On January 21, 2003, defense counsel said that he was working on a capital trial and was unavailable, and the case was continued until July 21, 2003, with the time ruled excludable. The next hearing occurred on July 30, 2003; the judge was unavailable due to illness, and the proceedings

_____

[2] In its brief and at oral argument, the Commonwealth has contended that the case was marked for the earliest possible date on March 26, 2002, and again on September 15, 2013, upon the Commonwealth's request, Comm. Br. 14, but such requests are not clear from the record before the Court.

were continued until September 15, 2003. On September 2, 2003, Woods submitted a pro se motion for dismissal of charges on speedy trial grounds. See Appendix ("App.") at 39. The court did not consider Woods's pro se motion because he was represented by counsel. See Commonwealth v. Williams, 410 A.2d 880, 883 (Pa. 1979). On September 15, 2003, the case was listed for a two-to-three-day trial and continued to November 13, 2003. That day, the Commonwealth and defense counsel jointly requested a continuance, and a status conference was set for November 19, 2003, with a trial on December 8, 2003. On December 8, defense counsel was unavailable, and the case was delayed until December 9, 2003, when Woods's trial commenced.

After his conviction and an unsuccessful counseled appeal, Woods filed a pro se collateral petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541, et seq., in which he argued, inter alia, that his trial counsel had been ineffective for failing to file a speedy trial motion under Rule 600. He filed the petition on March 5, 2008, and he was later appointed PCRA counsel. After the PCRA court dismissed his petition, Woods appealed. Appointed counsel filed a statement of issues complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) ("1925(b) statement") that did not include the Rule 600 ineffectiveness claim. On June 28, 2010, Woods was granted permission to proceed pro se. On June 29, 2010, Woods filed a "Motion to File Emergency Amended Statement of Matters Complained of on Appeal." App. 129. In that motion, he complained that he was denied his right to a speedy trial under Rule 600 and the United States Constitution and that trial counsel was ineffective for failing to advance a speedy trial argument. Id. at 130. That motion was

4

stamped "Filed in Superior Court," id. at 129, but it is not listed on the Superior Court docket sheet, id. at 136. Woods then filed his PCRA appellate brief in the Superior Court on August 9, 2010, in which he included speedy trial and ineffective assistance of counsel claims. Id. at 140-89.

On September 30, 2010,[3] Woods filed a second motion to add a claim to his 1925(b) statement regarding the competence of the minors who testified against him, and the Superior Court remanded the motion and the record to the Court of Common Pleas with instructions to Woods "to file with the trial court and serve upon the trial judge a supplemental Pa. R.A.P. 1925(b) statement of errors complained of on appeal, raising the one issue referenced in his motion to supplement the record." Id. at 193. Woods thus filed a supplemental 1925(b) statement raising only the claim regarding the minors' competence. The Court of Common Pleas denied that claim on November 17, 2010, and on July 19, 2011, the Superior Court affirmed the denial by the Court of Common Pleas of Woods's PCRA petition. The Superior Court concluded that Woods had waived his claim of ineffectiveness based on failure to raise a speedy trial claim and his constitutional speedy trial claim because he "failed to present the claims either in his original Rule 1925(b) statement or in his supplemental Rule 1925(b) statement." Id. at 207.

On April 4, 2012, Woods filed a pro se petition pursuant to 28 U.S.C. § 2254 in the District Court. The Magistrate Judge concluded in her Report and Recommendation

---

[3] The motion is signed with a date of September 27, 2010, but the Superior Court stamped the motion as having been filed on September 30, 2010. See App. 190-91.

("R&R") that Woods had procedurally defaulted the ineffective assistance of counsel claim by failing to bring it in his amended 1925(b) statement. Id. at 14-15. The District Court, over Woods's objections, approved and adopted the R&R, dismissed the petition, and declined to grant a certificate of appealability. Id. at 3-4. We granted the request for a certificate of appealability with respect to two issues: (1) whether trial counsel was ineffective for failing to move to dismiss the charges against Woods under Pa. R. Crim. P. 600, and (2) whether Woods's constitutional right to a speedy trial was violated. Woods, through counsel, timely filed this appeal.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 2254, and we have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). AEDPA limits our review of claims adjudicated on the merits in state court, such that we may not grant relief unless the state court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). We review de novo claims, such as Woods's, that were not adjudicated on the merits in state court. See Thomas v. Horn, 570 F.3d 105, 113 (3d Cir. 2009).

## III.

Woods argues here that (1) trial counsel was ineffective for failing to move for dismissal under Rule 600; and (2) the Commonwealth violated his constitutional right to a speedy trial. The District Court approved the Magistrate Judge's finding that Woods procedurally defaulted the claims. We conclude that, whether or not Woods procedurally defaulted the claims, his petition clearly fails on the merits.[4]

## A.

We first consider Woods's claim of ineffectiveness of counsel for failure to move for dismissal under Rule 600. A petitioner claiming ineffectiveness must show (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). In evaluating an attorney's conduct under Strickland, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and a defendant must overcome the presumption that "under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (quotation marks omitted).

---

[4] The Commonwealth has asked us to ignore the procedural default question and decide the case on the merits. Given the straightforward merits issues and comparatively difficult state procedural issues, we will do so in this case. See Lambrix v. Singletary, 520 U.S. 518, 525 (1997) ("Judicial economy might counsel giving the [merits] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law. Cf. 28 U.S.C. § 2254(b)(2) (permitting a federal court to deny a habeas petition on the merits notwithstanding the applicant's failure to exhaust state remedies).").

Woods argues that the Commonwealth was required to bring him to trial within 365 days of filing the complaint. See Pa. R. Crim. P. 600(A).[5] Excluded from this calculation are periods of time resulting from the unavailability of the defendant or his attorney, or from continuances requested by the defendant. See id. at (C)(3). "[T]he . . . filing of a pretrial motion by a defendant . . . render[s] him unavailable . . . if a delay in the commencement of trial is caused by the filing of the pretrial motion" and the Commonwealth "exercised due diligence in opposing or responding to the pretrial motion." Commonwealth v. Hill, 736 A.2d 578, 587 (Pa. 1999).

Even where the defendant was not brought to trial within 365 non-excludable days, the Commonwealth could defeat a motion to dismiss charges on speedy trial grounds by showing that it "exercised due diligence" in prosecuting the case "and the circumstances occasioning the postponement were beyond [its] control." Id. at 591 (quotation marks and alteration omitted). "Due diligence is a fact-specific concept that must be determined on a case-by-case basis" and "does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." Commonwealth v. Ramos, 936 A.2d 1097, 1102 (Pa. Super. Ct. 2007) (en banc). Rule 600 "encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence." Id. at 1103.

---

[5] Rule 600 has recently been amended; we apply the version in effect at the time of Woods's pretrial proceedings.

Although it may be that more than 365 non-excludable days passed before Woods's trial, the Commonwealth could have argued in response to a Rule 600 motion that much of the delay was a result of the defense's actions, or at least beyond the Commonwealth's control and therefore not indicative of a lack of diligence. Woods's trial counsel could reasonably have foreseen the Commonwealth's argument and concluded that a Rule 600 motion would be unlikely to succeed and that pursuing the motion would divert his time and attention from preparing the defense. In short, Woods has not alleged a Rule 600 claim so meritorious as to overcome the strong presumption that counsel's decision not to pursue it fell within "the wide range of professionally reasonable assistance" that constitutes effective assistance. Strickland, 466 U.S. at 689. Consequently, we hold that Woods cannot prevail on his claim that trial counsel was ineffective for failing to raise the Rule 600 issue.

## B.

We now consider Woods's claim that he was denied a speedy trial in violation of the Sixth Amendment, which we will review as a Strickland claim of ineffectiveness of counsel, notwithstanding Woods's assertion that the issue is before us as both a Strickland claim and a standalone speedy trial claim.[6]

---

[6] Woods contends that his PCRA submissions, although inconsistent and ambiguous in their characterization of the constitutional speedy trial claim, should be read liberally and collectively to have raised the issue as both a Strickland claim and a standalone claim. Woods does not deny, however, that counsel failed to raise the constitutional speedy trial issue in the original trial court or on direct appeal. Failing to do so would generally bar consideration of the issue as a standalone claim on collateral review, and in dismissing his PCRA petition for a different reason (Woods's failure to present the claim in his Rule 1925(b) statement), the state court does not appear to have

9

In determining whether a violation of a defendant's Sixth Amendment right to a speedy trial has occurred, courts employ a balancing test, considering the "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Barker v. Wingo, 407 U.S. 514, 530 (1972). The four factors are "related . . . and must be considered together with such other circumstances as may be relevant." Id. at 533. The first factor acts as "a triggering mechanism," and as the Commonwealth concedes, 973 days is sufficient to trigger a speedy trial inquiry. See Comm. Br. 20.

The second factor, the reason for the delay, weighs heavily against Woods. A large portion of the delay, including the period from July 15, 2002, until July 30, 2003, was the direct result of continuance requests by defense counsel. Moreover, no period of the delay was attributable to a continuance request solely by the Commonwealth. Though delays caused by the courts "should be considered," Barker, 407 U.S. at 531, here, much of the delay was due to defense counsel's continuance requests.

The third factor weighs neither for nor against Woods. As we explained in United States v. Battis, 589 F.3d 673 (3d Cir. 2009), in order to show that he asserted a speedy trial right at the time of the delay, a defendant who was represented by counsel "should identify 'a motion or some evidence of direct instruction to counsel to assert the right at a time when a formal assertion would have some chance of success.'" Id. at 681 (quoting Hakeem v. Beyer, 990 F.2d 750, 766 (3d Cir. 1993)). Viewing this factor through the

---

found otherwise. Further, while before the District Court, Woods lodged no objection to the Magistrate Judge's characterization of both the Rule 600 and constitutional speedy trial issues as Strickland claims in the R&R that was later approved and adopted by the District Court.

lens of Woods's claim of ineffective assistance of counsel, it is not dispositive that trial counsel acquiesced in the delay. See Barker, 407 U.S. at 536 (acknowledging the possibility of "a situation in which an indictment may be dismissed on speedy trial grounds where the defendant has failed to object to continuances" if "the defendant was represented by incompetent counsel"). Woods did eventually attempt to assert his speedy trial right through his pro se motion filed in September 2003. But Woods himself had, by all appearances, acquiesced in the delay for nearly two and a half years before filing the pro se motion, and it is unlikely that a speedy trial motion submitted by counsel would have succeeded in September 2003. Overall, this factor is neutral in our analysis.

The prejudice factor is close, but it ultimately weighs against Woods. Woods complains of prejudice in the form of mental suffering and anxiety while awaiting trial and the impaired ability to participate in the preparation of his defense, both of which the Supreme Court has recognized as relevant to a speedy trial assessment. See Barker, 407 U.S. at 532. The Commonwealth notes, and Woods concedes, that of the pretrial period Woods spent incarcerated, he would have been incarcerated for at least twelve months on other charges. On November 30, 2001, he pled guilty to possession with intent to deliver a controlled substance and was sentenced to three to twelve months of incarceration, see Supplemental Appendix ("S.A.") 3, and on March 7, 2002, he pled guilty to the probation violation of carrying a firearm without a license. See id.; see also Woods Reply Br. 18; Comm. Br. 25-26. With regard to prejudice to Woods's ability to prepare his defense, although it may have been more difficult for Woods to communicate with his attorney

11

while he was incarcerated, the delay presumably also aided Woods's defense, as it allowed his attorney the time that he requested to prepare for trial.

Considering all these factors together, Woods's trial counsel could have reasonably concluded that a constitutional speedy trial motion, like a motion under Rule 600, would consume scarce time and resources but have little chance of succeeding. Woods therefore cannot overcome the "strong presumption" that his trial counsel acted "within the wide range of reasonable professional assistance," Strickland, 466 U.S. at 689, in not raising the constitutional speedy trial issue.

IV.

For the foregoing reasons, we will affirm the District Court's judgment.