J-S03024-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
ANGEL LEE FENTON :
:
Appellant : No. 872 WDA 2019

Appeal from the Judgment of Sentence Entered May 23, 2019
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000073-2018

BEFORE: McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:              FILED FEBRUARY 26, 2020

Angel Lee Fenton (Appellant) appeals from the judgment of sentence entered in the McKean County Court of Common Pleas, following her jury conviction of sexual offenses against a minor female. Appellant contends the trial court erred when it denied her pretrial motion to dismiss the charges based on a violation of Pa.R.Crim.P. 600. For the reasons below, we affirm.

On January 2, 2018, a criminal complaint was filed against Appellant charging her with involuntary deviate sexual intercourse, sexual assault, indecent assault, and corruption of minors.[1] The victim reported to police that

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] See 18 Pa.C.S. §§ 3123(a)(7), 3124.1, 3126(a)(8), and 6301(a)(1), respectively.

Appellant sexually assaulted her when she was babysitting Appellant's children sometime between September and December of 2016, when the victim was 14 years old. Appellant was arrested on January 3, 2018, and remained incarcerated when she was unable to post bail. The parties agree that Appellant's counsel sought a continuance of the preliminary hearing from January 17, 2018, to January 31, 2018, a period of 14 days.

On June 6, 2018, the Commonwealth notified Appellant that her case was scheduled for a back-up jury trial on October 29, 2018.[2] The notice explained:

> Should the first case not proceed to trial, counsel, defendant and defense witnesses will stand by for one hour beginning at 8:30 a.m. If summoned to appear, counsel, [Appellant] and defense witnesses are to be present and ready to commence jury trial within one hour of phone notice. Any Motion to Continue to be directed to the Court.

Commonwealth's Notice of Trial, 6/6/18. In the meantime, in July of 2018, Appellant sought, and was granted, release on nominal bail pursuant to Pa.R.Crim.P. 600(D)(2).[3]

On October 25, 2018, Appellant filed a motion seeking to continue the back-up trial. She stated she was subpoenaed by the United States Attorney's

---

[2] It appears that in McKean County, the Commonwealth, not the court, is responsible for scheduling cases for jury trials.

[3] Rule 600 prohibits, inter alia, the pretrial incarceration of a defendant in excess of 180 days from the date the criminal complaint is filed. Pa.R.Crim.P. 600(B)(1). When a defendant is incarcerated beyond that time period pretrial, she is entitled to seek immediate release on nominal bail. Pa.R.Crim.P. 600(D)(2). It merits mention the Commonwealth did not oppose Appellant's petition for release.

Office to testify in a federal trial on October 29, 2018, and "due to the unlikelihood" that her back-up trial would proceed on the scheduled date, she requested the court continue the back-up trial "to be rescheduled by the Commonwealth." Appellant's Motion to Continue Back Up Trial, 10/25/18, at ¶ 5. The trial court granted Appellant's motion the next date, and noted "[t]his matter shall be relisted for trial by the Commonwealth." Order, 10/26/18.

On January 11, 2019, the Commonwealth notified Appellant that her jury trial was scheduled for February 4, 2019. However, on January 28, 2019, Appellant filed a motion to dismiss the charges based on the Commonwealth's failure to bring her case to trial within 365 days of the filing of the criminal complaint in violation of Rule 600.[4] The trial court conducted a hearing on January 31, 2019, and denied the motion the next day. Appellant's jury trial proceeded as scheduled on February 4, 2019, 398 days after the complaint was filed. The jury found her guilty on all counts.

On May 23, 2019, Appellant was sentenced to an aggregate term of six to 12 years' imprisonment, and directed to register as a Tier III offender pursuant to the then-applicable Sexual Offender Registration and Notification Act (SORNA I). See 42 Pa.C.S. § 9799.14. After Appellant filed a post-

_____

[4] See Pa.R.Crim.P. 600(A)(2)(a) ("Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.").

sentence motion, which was denied by the trial court, she filed this timely appeal.[5]

Appellant raises one issue on appeal:[6] "Whether the trial [c]ourt erred in denying Appellant's motion to dismiss pursuant to Pa.R.Crim.P. 600?" Appellant's Brief at 4. She asserts the trial court erred when it determined her continuance of the back-up trial resulted in an actual delay in the proceedings. Appellant's Brief at 18-19. Furthermore, Appellant contends the court relied on evidence that was not part of the record in determining whether the case was rescheduled in a timely manner. Id. at 21-22. She also maintains the Commonwealth did not demonstrate it acted with due diligence in bringing her case to trial. Id. at 24-25. Appellant insists "[a]t best, . . . the record may establish that Appellant was 'unavailable' for a single day on October 29, 2018[.]" Id. at 26.

Rule 600 requires that "trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). In determining whether trial was conducted in a timely manner, the Rule provides that

_____

[5] Appellant complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

[6] We note Appellant lists a second issue in the Statement of Questions Involved section of her brief, in which she challenges the sufficiency of the evidence supporting her convictions. Appellant's Brief at 4. However, she waived review of that claim on appeal, stating "based on review of the record available in this matter and in consideration of controlling legal authority, further argument on this issues is intentionally omitted." Id.

"periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence[,]" but that ["a]ny other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1). When a defendant is not brought to trial within the requisite time period, "at any time before trial, . . . the defendant . . . may file a written motion requesting that the charges be dismissed with prejudice[.]" Pa.R.Crim.P. 600(D)(1). The trial court is required to hold a hearing on the motion before entering a ruling. Id.

We review the trial court's grant or denial of a defendant's Rule 600 pretrial motion to dismiss for an abuse of discretion. Commonwealth v. Andrews, 213 A.3d 1004, 1010 (Pa. Super. 2019) (citation omitted), appeal denied, 2019 WL 7046872 (Pa. 2019). In doing so, our scope of review is limited to the trial court's findings, and the evidence presented at the Rule 600 hearing. Id. Furthermore, we "must view the facts in the light most favorable to the prevailing party." Id.

> Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

> So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters . . . , courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

Commonwealth v. Moore, 214 A.3d 244, 248 (Pa. Super. 2019) (citation omitted).

A defendant is not automatically entitled to relief under Rule 600 when a trial commences more than 365 days after the complaint is filed. Moore, 214 A.3d at 248. Rather, dismissal of the charges is the appropriate remedy only when the defendant is not brought to trial within the adjusted run date, which accounts for excludable and excusable time under the Rule. Id.

> "Excludable time" is classified as periods of delay caused by the defendant. Pa.R.Crim.P. 600(C)(2). "Excusable delay" occurs where the delay is caused by circumstances beyond the Commonwealth's control and despite its due diligence. "Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." Due diligence includes, inter alia, listing a case for trial prior to the run date, preparedness for trial within the run date, and keeping adequate records to ensure compliance with Rule 600. Periods of delay caused by the Commonwealth's failure to exercise due diligence must be included in the computation of time within which trial must commence. Pa.R.Crim.P. 600(C)(1).

Id. at 248-49 (some citations omitted). We note "[t]he Commonwealth has the burden of demonstrating by a preponderance of the evidence that it exercised due diligence." Commonwealth v. Plowden, 157 A.3d 933, 941 (Pa. Super. 2017) (en banc).

In the present case, the criminal complaint was filed on January 2, 2018; thus, Appellant's Rule 600 run date was January 2, 2019. Trial began on February 4, 2019, 398 days after the complaint was filed. Appellant concedes that she requested a continuance of her preliminary hearing, which led to a 14-day delay, from January 17, 2018, until January 31, 2018. Taking this defense delay into consideration, Appellant asserts "there was an adjusted run date of 384 days," which exceeds the 365-day period required by Rule 600. Appellant's Brief at 15.

In denying relief, the trial court determined that an additional delay of 36 days was attributable to Appellant's October 25, 2018, request for a continuance of the back-up trial listed for October 29, 2018. Specifically, the court found Appellant was "unavailable for trial in McKean County" on that date due to her obligation to testify in federal court. Trial Ct. Op. 2/1/19, at 5 (unpaginated). Moreover, the court opined:

> The next available trial date after October 29, 2018 was November 13, 2018. However, when [Appellant's] Motion to Continue was filed on October 26, 2018, trial had already been set for all of the trial dates in November 2018. Therefore, the earliest that the case could be listed was the first trial date in December, which was December 3, 2018. Therefore, 36 days are attributable to the continuance of trial. When these additional 36 days are excluded it results in an adjusted run date of 348 days.

Id. at 5-6.

Appellant first argues that her request for continuance of the "'back up' trial did not cause actual delay in the proceedings." Appellant's Brief at 18. Citing Commonwealth v. Hill, 736 A.2d 578 (Pa. 1999), Appellant asserts

- 7 -

the "mere filing of a pretrial motion by a defendant does not automatically render her unavailable." Appellant's Brief at 19. Rather, she reasons the period between the filing of a pretrial motion and its resolution is excludable "only if the motion delayed trial and thus made the defendant unavailable, and if the Commonwealth exercised due diligence in opposing or responding to the motion." Id. Because the primary trial scheduled for October 29, 2018, proceeded as planned, Appellant insists her request for a continuance did not result in any actual delay which would justify an adjusted run date.

The trial court addressed this claim as follows:

[Appellant] asserts that, since her case was a backup trial for October 29, 2018, and the primary case proceeded to trial, her continuance resulted in no actual delay. This assertion assumes that the parties and the court had a crystal ball and knew with certainty that another case would proceed on that day. The court takes judicial notice that there are many cases that do not proceed to trial even after the parties have indicated that they are "certain to go to trial." On the day of trial a key witness is suddenly and unexpectedly unavailable, or, he or she indicates that a previous statement is inaccurate; a defendant, as the jury pool is taking their seats, indicates that he wants to enter a guilty plea; the Commonwealth obtains new information that suggests that some or all of the charges should not be pursued; etc. Therefore, the focus has to be on the request and assertion that [Appellant] is unavailable at the time that the Motion to Continue was filed. As the Comment to Rule 600 makes clear, the period of delay due to a defendant's absence under compulsory process for judicial proceedings elsewhere is to be excluded for Rule 600 purposes.

Trial Ct.Op. at 5 (unpaginated).

We agree with the trial court's reasoning. None of the pretrial motions at issue in Hill were continuance requests as a result of the defendant's unavailability. Rather, the motions concerned legal issues, i.e., whether

- 8 -

severance from a co-defendant was warranted, the constitutionality of the death penalty, etc. Hill, 736 A.2d at 587. Thus, the Court held "the mere filing of a pretrial motion by a defendant does not automatically render him unavailable[; r]ather, a defendant is only unavailable for trial if a delay in the commencement of trial is caused by the filing of the pretrial motion." Id. Conversely, here, Appellant sought to continue her back-up trial because she was unavailable on that date. The fact that her case may not have proceeded on that date is irrelevant. Appellant, herself, could not have proceeded to trial on October 29, 2018; accordingly, the court did not abuse its discretion in determining this delay was not "caused by the Commonwealth" pursuant to Rule 600(C)(1).

Appellant also argues that even if we determine her continuance caused a delay in the proceedings, the Commonwealth failed to present any evidence or testimony during the Rule 600 hearing to demonstrate it acted with due diligence in bringing her case to trial and, in particular, why her case could not have been listed in November of 2018. Appellant's Brief at 24-25. She asserts the docket indicates her case was ready for trial in April of 2018, and the Commonwealth failed to explain why it listed "her matter for a back-up trial only once before the expiration of the mechanical run date." Id. at 25-25.

In its opinion, the trial court noted that although the next available trial date was November 13, 2019, at the time Appellant requested a continuance, "trial had already been set for all of the trial dates in November 2018." Trial

- 9 -

Ct. Op., at 5. Thus, the earliest her trial could have been listed was the first trial date in December—December 3, 2018. Id. at 5-6. Accordingly, the court determined that an additional 36 days were excluded from the Rule 600 rundate, resulting in "an adjusted rundate of 348 days." Id. at 6.

Although Appellant insists the trial court's reliance on specific trial dates is not supported by the record at the Rule 600 hearing, we note a court is necessarily aware of its own schedule.[7] Furthermore, the prosecutor stated during the hearing that the notices for the November 2018 trial dates were all filed before Appellant requested a continuance in this case, and that "[a]ny cases that would have had to be brought first were scheduled before we could actually fit this one in." N.T., 1/31/19, Rule 600 H'rg., at 4. Therefore, the court acted within its discretion when it determined the earliest date the Commonwealth could have scheduled Appellant's trial was in the December term, i.e., December 3, 2018. Accordingly, we agree with the conclusion of the trial court that the 36-day period between October 29, 2018 (when Appellant requested a continuance), and December 3, 2018 (the earliest trial could have been rescheduled), was not delay "caused by the Commonwealth when the Commonwealth [] failed to exercise due diligence." Pa.R.Crim.P. 600(C)(1). Excluding that 36-day period from Appellant's Rule 600 calculation, we affirm the trial court's determination that no violation of Rule 600 occurred such as to warrant dismissal of the charges.

_____

[7] We note that in McKean County there are only two elected judges in the entire Court of Common Pleas.

- 10 -

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/2020