J-S22016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NIARE LAMAR BROWN | : | |
| | : | |
| Appellant | : | No. 2091 MDA 2019 |

Appeal from the Judgment of Sentence Entered December 5, 2019
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001017-2018

BEFORE:   OLSON, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                          **FILED MAY 29, 2020**

Niare Lamar Brown (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of burglary, criminal trespass, resisting arrest, theft by unlawful taking, and receiving stolen property.[1] Appellant claims that the Commonwealth violated his speedy trial rights under Pennsylvania Rule of Criminal Procedure 600.  We affirm.

On June 10, 2018, Appellant broke into an apartment in Williamsport and stole a wallet and video game console.  The victim, upon seeing Appellant — who was a stranger in her residence — confronted Appellant, who fled on foot.  The victim called the police and gave a description of Appellant.  A police

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 3502(a)(1)(ii), 3503(a)(1)(ii), 5104, 3921(a), 3925(a).

officer arrived on the scene shortly thereafter and saw an individual matching the victim's description standing nearby in an alley. Appellant ran when he saw the uniformed officer, who gave chase and tackled Appellant to the ground. Appellant resisted the officer's attempts to place him in handcuffs.

On June 11, 2018, the Commonwealth filed a criminal complaint charging Appellant with the above crimes. Appellant's arraignment took place on June 23, 2018. Appellant pled not guilty, and the trial court placed the case on the September 11, 2018 pretrial list, with call of the list scheduled for September 25, 2018. However, as discussed below, the case remained on the trial list for approximately one year.

Appellant's case was eventually placed on the backup list, with call of the list scheduled to occur on April 29, 2019. Appellant's case was chosen for jury selection on May 1, 2019. On that date, however, Appellant's counsel was ill and unavailable.[2, 3] Thus, the case was placed on the next call of the list, with jury selection scheduled for the next trial term, beginning on August 13, 2019.

On August 12, 2019, Appellant filed a motion to dismiss pursuant to Pa.R.Crim.P. 600. The trial court conducted an evidentiary hearing on the motion on August 28, 2019, at which the Deputy Court Administrator for

---

[2] Notably, the next day, *i.e.*, May 2, 2019, was the final day of jury selection for that trial term.

[3] Neither defense counsel nor the Commonwealth requested a continuance.

Lycoming County testified. The trial court denied Appellant's motion by an opinion and order entered September 25, 2019.

The matter proceeded to a non-jury trial on September 27, 2019, at the close of which the trial court found Appellant guilty of all counts. On December 5, 2019, the court sentenced Appellant to an aggregate 3 to 6 years in prison. He filed a timely notice of appeal, followed by a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) concise statement.

Appellant presents one question for our review:

> Did the lower court abuse its discretion in denying Appellant's Rule 600 motion to dismiss when the Commonwealth did not bring Appellant to trial within 365 days of the complaint and failed to prove it acted with due diligence in the face of avoidable delay?

Appellant's Brief at 4 (capitalization omitted).

Our standard of review is as follows:

> This Court reviews a ruling under Rule 600 pursuant to an abuse-of-discretion standard. An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law. Additionally, when considering a Rule 600 claim, this Court must view the record facts in the light most favorable to the winner of the Rule 600 motion. It is, of course, an appellant's burden to persuade us the trial court erred and relief is due.

> Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of [a] crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good

- 3 -

faith prosecution delayed through no fault of the Commonwealth. So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Martz*, 2020 PA Super 104, **10-11 (Pa. Super. 2020)

(citations and ellipses omitted).

Rule 600 provides in pertinent part as follows:

(A) Commencement of Trial; Time for Trial

…

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

…

(C) Computation of Time

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(A), (C).

To summarize, the courts of this Commonwealth employ three steps in determining whether Rule 600 requires dismissal of

- 4 -

charges against a defendant. First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.

***Commonwealth v. Bethea***, 185 A.3d 364, 371 (Pa. Super. 2018) (citation, emphasis, and ellipses omitted).

"Excludable time" is classified as periods of delay caused by the defendant. Pa.R.Crim.P. 600(C)(2). "Excusable delay" occurs where the delay is caused by circumstances beyond the Commonwealth's control and despite its due diligence. Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth.

***Commonwealth v. Moore***, 214 A.3d 244, 248-49 (Pa. Super. 2019) (case citations and quotation marks omitted).

A defendant is not automatically entitled to discharge under Rule 600 where, as here, trial starts more than 365 days after the filing of the complaint. ***Id.*** at 248. Rather,

Rule 600 encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. Any such period of delay results in an extension of the run date. Addition of any Rule 600 extensions to the adjusted run date produces the final Rule 600 run date. If the Commonwealth does not bring the defendant to trial on or before the final run date, the trial court must dismiss the charges.

***Bethea***, 185 A.3d at 371 (citation and brackets omitted). "In assessing a Rule 600 claim, the court must exclude from the time for commencement of

trial any periods during which the defendant was unavailable[.]" ***Commonwealth v. Hunt***, 858 A.2d 1234, 1241 (Pa. Super. 2004) (*en banc*).

Here, Appellant argues that the trial court abused its discretion in denying his Rule 600 motion because the Commonwealth failed to exercise due diligence in bringing him to trial, and the court improperly found that there were periods of excusable delay. ***See*** Appellant's Brief at 15-16. According to Appellant, the Commonwealth never made any attempt to call the case for jury selection. ***Id.*** at 20. Appellant further argues that at the Rule 600 hearing, "the Deputy Court Administrator made a bare, unsupported assertion that the Commonwealth was prepared for trial; no evidence supports that the Commonwealth was diligent." ***Id.*** at 17. Appellant concedes that his defense counsel was ill and unavailable on May 1, 2019, the date on which jury selection was scheduled. ***Id.*** at 13, 20. However, Appellant points out that the Commonwealth never requested a continuance in response to defense counsel's unavailability on that date. ***Id.*** Appellant also maintains that jury selection could have occurred the next day, May 2, 2019, which was "the final day of jury selection [for that trial term], and thus the last opportunity to bring [Appellant] to trial prior to the end of the Rule 600 period." ***Id.*** at 21; ***see also id.*** at 22 (asserting that because "five of the six cases scheduled for May 2[, 2019] ended up being guilty pleas, it seems that the court could have called [Appellant] on May 2 had the Commonwealth simply made a request."). Finally, Appellant argues that there is "simply no evidence" that the delay was

unavoidable, and "any [] conclusion [to the contrary] is pure speculation." **Id.** at 21.

Conversely, and in support of its dismissal of Appellant's Rule 600 motion, the trial court opined:

> [T]he circumstances occasioning the delay were entirely beyond the Commonwealth's control. The Commonwealth was continually prepared to try the case. The case continued on the trial list. It was called for jury selection and trial within its adjusted Rule 600 date[, which was June 11, 2019]. On the date that the case was set for jury selection, [*i.e.*, May 1, 2019,] defense counsel was not available because he was ill. While [Appellant] is correct that [defense counsel] did not request a continuance, there is no evidence in the record that defense counsel notified the court or the Commonwealth that[,] given his illness, he would be available the next day[, May 2, 2019,] for jury selection. While [Appellant] is also correct that the Commonwealth did not contact the Deputy Court Administrator to request that the case be listed for jury selection [on May 2, 2019,] there were six cases already scheduled to be picked [on that date,] and only two judges [were] available. All of those cases had adjusted Rule 600 dates earlier than [that of Appellant]. All of those cases had counsel ready and willing to participate in jury selection. It would be entirely unreasonable[,] given the process of how cases are listed and called in Lycoming County[,⁴] for the Commonwealth to change[, *i.e.*, in response to defense counsel's unavailability on May 1, 2019,] and essentially disrupt the entire jury selection process the next day.

---

⁴ The trial court explained that "[c]onsistent with the court's practice during jury selection, cases are listed to be called[,] but once they begin to resolve, the backup cases are selected for jury selection and trial. … It is the practice of the court at the end of the original call of the list to advise counsel that any case on the backup list is subject to being called." Opinion and Order, 9/25/19, at 2-3; **see also** N.T., 8/28/19, at 19 (trial court advising defense counsel: "Your office and you were notified that any case on the backup list could be called. It was called on [May 1, 2019]. The Commonwealth was ready to go. You were not ready to go.").

Opinion and Order, 9/25/19, at 4 (footnote added, paragraph break omitted).[5]

Our review discloses that the trial court's rationale is supported by the law and the record. Appellant's counsel contends that the Commonwealth was required to "do everything in their power"[6] to ensure that the case was brought to trial; however, this is not the applicable legal standard. *See Moore*, *supra* (emphasizing that "[d]ue diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a **reasonable effort** has been put forth") (emphasis added); *see also Hunt*, 858 A.2d at 1242 (stating that "reasonable effort" includes such actions as the Commonwealth listing the case for trial prior to the Rule 600 run date, and citing *Commonwealth v. Hill*, 736 A.2d 578, 592 (Pa. 1999) (holding that the Commonwealth exercised due diligence when it initially scheduled trial within the time requirements of Rule 600, but trial was delayed by actions of the defendant beyond the Commonwealth's control)); *Commonwealth v.*

_____

[5] Moreover, at the Rule 600 hearing, the trial court stated as follows in response to defense counsel's claim that the Commonwealth did not contact the Deputy Court Administrator to request that the case be listed for jury selection: "it doesn't matter because [the case] was called[, *i.e.*, on May 1, 2019]. … So once the case was called, the Commonwealth knew that they didn't have to take any special precautions …. The case was called within the adjusted Rule 600 date." N.T., 8/28/19, at 18; *see also id.* (defense counsel agreeing with the court's assessment of the run date).

[6] *See* N.T., 8/28/19, at 24 (defense counsel arguing that even though he was unavailable on May 1, 2019, the date on which the case was listed for jury selection, the Commonwealth should have done everything in its power to ensure the case was listed the next day, May 2, 2019, regardless of there being six other cases already listed for jury selection on that date).

***Colon***, 87 A.3d 352, 359 (Pa. Super. 2014) (stating "[t]he Commonwealth must do everything **reasonable** within its power to guarantee that a trial begins on time[.]" (emphasis added, citation omitted)). Additionally, there is no evidence whatsoever that the Commonwealth engaged in misconduct to evade Appellant's speedy trial rights. ***See Martz***, ***supra***. Finally, we discern nothing in the record to support Appellant's challenge to the testimony of the Deputy Court Administrator that the Commonwealth was prepared to try Appellant's case on May 1, 2019. Accordingly, the trial court did not abuse its discretion in denying Appellant's Rule 600 motion.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/29/2020