**[J-102-2020] [MO: Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**


| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 13 EAP 2020 |
| | : | |
| Appellee | : | Appeal from the Judgment of the |
| | : | Superior Court entered on October |
| | : | 16, 2019 at No. 683 EDA 2017 |
| v. | : | vacating and remanding the |
| | : | Judgment of Sentence entered on |
| | : | February 3, 2017 in the Court of |
| KHALID M. HARTH, | : | Common Pleas of Philadelphia |
| | : | County, Criminal Division, at No. CP- |
| Appellant | : | 51-CR-0002122-2015. |
| | : | |
| | | ARGUED: December 1, 2020 |


**DISSENTING OPINION**

**JUSTICE DOUGHERTY**                **DECIDED: June 22, 2021**

The majority holds judicial delay may not be excluded from the computation of time under Pa.R.Crim.P. 600 unless the Commonwealth demonstrates it acted with due diligence throughout the life of the case. In my view, this holding is contrary to the plain language of Rule 600, the comment to the rule, and our precedent applying it, and does not serve the rule's purpose of protecting the speedy trial rights of defendants while simultaneously safeguarding society's right to effective prosecution of criminal cases. Accordingly, I respectfully dissent.

To the extent it is practicable, Pennsylvania's rules of criminal procedure, such as Rule 600, "shall be construed in consonance with the rules of statutory construction." Pa.R.Crim.P. 101(C). Under the rules of statutory construction "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved

usage[.]" 1 Pa.C.S. §1903(a). When the words of the rule "are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. §1921(b). Every rule "shall be construed, if possible, to give effect to all its provisions" so that no language is reduced to mere surplusage. 1 Pa.C.S. §1921(a). In the particular context of Rule 600, this Court has emphasized that a "[s]trained and illogical judicial construction adds nothing to our search for justice, but only serves to expand the already bloated arsenal of the unscrupulous criminal determined to manipulate the system." *Commonwealth v. Genovese*, 425 A.2d 367, 371 (Pa. 1981).

Rule 600 provides, in pertinent part, that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). The rule further provides that "[f]or purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1).

The rule thus clearly sets forth two requirements for delay to count toward the 365-day deadline: the delay must be caused by the Commonwealth, and the Commonwealth must have failed to exercise due diligence. Only if both of these requirements are met may the delay be included in the computation of time. Otherwise, the delay is excluded from the calculation of the run date. In other words, delay not caused by the Commonwealth, or delay caused by the Commonwealth but not resulting from its lack of due diligence, must be excluded from the computation of the Rule 600 deadline. By

definition, judicial delay is not delay caused by the Commonwealth; it is delay caused by the court. Consequently, per the express terms of Rule 600(C)(1), judicial delay is excludable time under the rule, irrespective of whether the Commonwealth was duly diligent.

The majority asserts paragraph (C)(1) is "not a model of clarity[.]" Majority Opinion at 26. Tellingly, however, the majority does not explain what exactly is unclear about it. In actuality, this provision is perfectly clear in requiring that in order for a delay to be included in the computation of time, it must be caused by the Commonwealth and the Commonwealth must have lacked due diligence. Simply claiming a lack of clarity does not make it so, and does not justify overriding the plain language of the rule.

The majority notes paragraph (C)(1) "expressly calls upon a trial court to assess the Commonwealth's due diligence[.]" *Id.* at 26. But the Commonwealth's diligence is not the only factor this paragraph requires the trial court to consider. Paragraph (C)(1) additionally expressly calls upon the court to assess whether the delay was "caused by the Commonwealth," and squarely provides that if it was not, the delay shall be excluded from the computation of the time within which trial must commence. Pa.Crim.P. 600(C)(1). The majority's holding that judicial delay can be excluded only if the Commonwealth first proves its due diligence reads the words "caused by the Commonwealth" right out of the rule and renders them mere surplusage, in contravention of our rules of construction. *See* 1 Pa.C.S. §1921(a).

The majority insists that if its standard for excluding judicial delay is not adopted, "the due diligence component of Rule 600 'would have little, if any, meaningful import.'" Majority Opinion at 28, *quoting Commonwealth v. Mills*, 162 A.3d 323, 327 (Pa. 2017)

(Wecht, J., concurring). But the express terms of the rule actually make crystal clear that the Commonwealth's due diligence is relevant to the excludability inquiry if and when the delay was "caused by the Commonwealth[.]" Pa.Crim.P. 600(C)(1).

The excludability of judicial delay without a showing of due diligence by the Commonwealth is confirmed by consideration of the comment to Rule 600. *See Commonwealth v. Far*, 46 A.3d 709, 713 (Pa. 2012) ("We may consult the explanatory comments of the committee that worked on a rule."). The comment states "the inquiry for a judge in determining whether there is a violation of the time periods in paragraph (A) is whether the delay is caused solely by the Commonwealth when the Commonwealth has failed to exercise due diligence." Pa.R.Crim.P. 600, cmt. Thus, the comment reiterates what the language of the rule itself makes plain: delay may be included in the time computation only if it was caused by the Commonwealth **and** the Commonwealth lacked due diligence.

Moreover, the comment specifically states: "Delay in the time for trial that is attributable to the judiciary may be excluded from the computation of time." *Id.* This language squarely provides that the fact a delay is attributable to the judiciary is alone sufficient to render the time excludable. The majority argues "the commentary's use of the term 'may[ ]'. . . evinces the need for a court to further assess the circumstances of that delay, including the Commonwealth's preparedness for trial, prior to deeming such time excludable." Majority Opinion at 27 n.14. This argument ignores the very next sentence of the comment, which explains: "However, when the delay attributable to the court is so egregious that a constitutional right has been impaired, the court cannot be excused for postponing the defendant's trial and the delay will not be excluded."

Pa.R.Crim.P. 600, cmt., *citing Commonwealth v. Africa*, 569 A.2d 920 (Pa. 1990). When the comment is properly read in the context of this additional explanatory language, it is apparent the rules committee used the conditional term "may" because, unlike most judicial delays, egregious judicial delay that impinges on the defendant's constitutional rights to a speedy trial cannot be excluded from the computation of time.[1] The committee in no way meant to imply that in order for judicial delay to be excludable, the Commonwealth must first demonstrate its due diligence. Indeed, where the committee understood there to be a due diligence requirement, it said so explicitly. *See id.* ("the period of time between the filing of the written complaint and the defendant's arrest [is excludable], provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by **due diligence**") (emphasis added); *id.* ("In cases in which the Commonwealth files a criminal complaint, withdraws that complaint, and files a second complaint, the Commonwealth will be afforded the benefit of the date of the filing of the second complaint for purposes of calculating the time for trial when the withdrawal and re-filing of charges are necessitated by factors beyond its control, the Commonwealth has **exercised due diligence**, and the refiling is not an attempt to circumvent the time limitation of Rule 600.") (emphasis added).

The majority emphasizes the sentence in the comment stating: "'[i]f the delay occurred as the result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excluded.'" Majority Opinion at 26-27, *quoting* Pa.R.Crim.P.

---

[1] The law providing that egregious judicial delay is not excludable safeguards against the majority's hypothetical concern about year-long judicial delays. *See* Majority Opinion at 28 n.15 ("[U]nder the dissent's approach, were the judiciary unable to proceed with a trial within the first year after a case was initiated, the Commonwealth could do nothing during that delay, and then take another year to prepare its case.") (emphasis omitted).

600, cmt. (emphasis omitted). But this language does not state delay resulting from circumstances beyond the Commonwealth's control and despite its due diligence is the **only** type of delay subject to exclusion. To the contrary, the comment makes clear other kinds of delays may be excludable as well. As noted, the comment explicitly states delay "attributable to the judiciary may be excluded[.]" Pa.R.Crim.P. 600, cmt. In addition, the comment provides that "[w]hen the defendant or the defense has been instrumental in causing the delay, the period of delay will be excluded from [the] computation of time." *Id.*

In addition to violating the plain language of Rule 600 and its comment, the majority's new standard for excluding judicial delay contravenes our precedent interpreting the rule. This Court's decisions have repeatedly indicated judicial delays should be excluded from the computation of time under Rule 600, which was formerly numbered Rule 1100, without conditioning exclusion on the demonstration of due diligence. *See Commonwealth v. Uderra*, 706 A.2d 334, 403 (Pa. 1998) ("[A] trial must commence at most no later than 365 days from the date on which the criminal complaint is filed unless there is excusable delay caused by the defendant, his counsel or court congestion. . . . Any delay in this case is attributable to Appellant's continuance requests and the crowded homicide calendar in Philadelphia. Thus, no Rule 1100 violation occurred.") (internal quotations and citation omitted); *Commonwealth v. Cook*, 676 A.2d 639, 645 (Pa. 1996) ("Rule 1100 provides that a trial must commence at most no later than 365 days from the date on which the criminal complaint is filed unless there is excusable delay caused by the defendant, his counsel or court congestion."); *Commonwealth v. DeBlase*, 665 A.2d 427, 431 (Pa. 1995) (same); *Commonwealth v.*

*Crowley*, 466 A.2d 1009, 1013-14 (Pa. 1983) (noting Rule 1100 "provide[s] expressly for the exclusion of judicial delays" and declining to find violation of rule because "the Commonwealth met its burden of proving 'judicial delay'") (cited in comment to current version of Rule 600). *See also Mills*, 162 A.3d at 325 ("[G]iven this Court's holding that periods of judicial delay are excludible from calculations under the rule . . . , courts of original jurisdiction must apply judgment in distinguishing between delay attributable to the court and that which should be allocated to a party.") (citation omitted).

The cases cited by the majority do not undermine this view. In *Commonwealth v. Barbour*, 189 A.3d 944 (Pa. 2018), we held a defendant who failed to appear for an untimely trial did not waive his right to raise a claim under Rule 600. *See Barbour*, 189 A.3d at 960-61. But the Court did not consider the circumstances under which judicial delay is excluded from the computation of time under the rule, much less hold exclusion is dependent upon the Commonwealth demonstrating due diligence. Indeed, we stated it is "when the **Commonwealth** causes delay [that] the Rule 600 clock continues to tick[.]" *Id.* at 958 (emphasis added).

In *Commonwealth v. Burno*, 154 A.3d 764 (Pa. 2017), the Court considered whether delay caused by an interlocutory appeal filed by the Commonwealth was excludable time under Rule 600. *See Bruno*, 154 A.3d at 792. Because it was "evident that the Commonwealth acted with due diligence" in pursuing relief from an unfavorable ruling, we concluded "the time that it took to litigate the Commonwealth's appeal from the trial court's ruling constitute[d] excusable time[.]" *Id.* at 794. *Burno* thus involved a delay caused by the Commonwealth, not the judiciary, and the requirement of due diligence in

this context guards against abuse of the appellate process for purpose of delay. *See Jones v. Commonwealth*, 434 A.2d 1197, 1200 (Pa. 1981).

In *Commonwealth v. Hill*, 736 A.2d 578 (Pa. 1999), this Court held that in order for delay stemming from a defendant's pretrial motion to be excludable, the Commonwealth "must demonstrate, by a preponderance of the evidence, that it exercised due diligence in opposing or responding to the pretrial motion." *Hill*, 736 A.2d at 587. However, *Hill* involved a prior version of Rule 600. As the comment to the current iteration of the rule explains, "[i]n 2012, former Rule 600 was rescinded and new Rule 600 adopted to reorganize and clarify the provisions of the rule in view of the long line of cases that have construed the rule." Pa.R.Crim.P. 600, cmt. In particular, "[n]ew paragraph (C), concerning computation of time and continuances . . . ha[s] been modified to clarify the procedures and reflect changes in [the] law." *Id.* Again, the present version of the rule mandates that only "periods of delay . . . caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time . . .[, and] [a]ny other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1). Pursuant to this unambiguous language, "when the defendant causes delay, the clock stops." *Barbour*, 189 A.3d at 958. The Commonwealth's due diligence is legally irrelevant. Accordingly, *Hill*'s due diligence requirement has been superseded by the new Rule 600. Indeed, the comment to the current Rule 600, while citing *Hill*, pointedly omits any reference to the Commonwealth's diligence. *See* Pa.R.Crim.P. 600, cmt. ("For periods of delay that result from the filing and litigation of omnibus pretrial motions for relief or other motions, *see Commonwealth v. Hill* and *Commonwealth v. Cornell*, 558 Pa. 238, 736 A.2d 578 (1999) (the mere filing of a pretrial

motion does not automatically render defendant unavailable; only unavailable if delay in commencement of trial is caused by filing pretrial motion).").

Our decision in *Commonwealth v. Hawk*, 597 A.2d 1141 (Pa. 1991), is likewise inapposite, as it too construed a previous version of Rule 600. Under a "former version of Rule 1100, subsection (c) required the Commonwealth to file petitions to extend the time for trial in certain circumstances." *Hill*, 736 A.2d at 592 n.10. This subsection "provide[d] that an extension of the deadline for commencement of trial on motion of the Commonwealth 'shall be granted only upon findings based upon a record showing that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth and, if the delay is due to the court's inability to try the defendant within the prescribed period, upon findings based upon a record showing the causes of the delay and the reasons why the delay cannot be avoided.'" *Hawk*, 597 A.2d at 1143-44, *quoting* former Pa.R.Crim.P. 1100(c)(3). In *Hawk*, we "considered . . . whether the Commonwealth established the requirements of Rule 1100(c)(3) so as to justify the grant of an extension of time for the commencement of trial." *Id*. at 1143. "However, the provisions of the rule providing for petitions for extension were deleted in the 1987 amendments" to the rule. *Cook*, 676 A.2d at 645 n.12. Presently, Rule 600 does not require the Commonwealth to file petitions to extend the time for trial. Nor does it require the Commonwealth to demonstrate its due diligence in order for delay it did not cause, such as judicial delay, to be excluded from the computation of time. *See* Pa.R.Crim.P. 600(C)(1).

The clear and unambiguous language of Rule 600 may not be disregarded under the pretext of pursuing its spirit, *see* 1 Pa.C.S. §1921(b), but even if it were otherwise, the

standard for excluding judicial delay endorsed by the majority will not serve the "spirit" or purpose of the rule. "Rule 600 has the dual purpose of both protecting a defendant's constitutional speedy trial rights and protecting society's right to effective prosecution of criminal cases." *Commonwealth v. Bradford*, 46 A.3d 693, 701 (Pa. 2012). The twin functions of protecting defendants as well as society are "equally important[.]" *Crowley*, 466 A.2d at 1012; *Genovese*, 425 A.2d at 369-70; *Commonwealth v. Brocklehurst*, 420 A.2d 385, 387 (Pa. 1980). Thus, "[i]n determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it." *Commonwealth v. Simms*, 500 A.2d 801, 804 (Pa. 1985); *Crowley*, 466 A.2d at 1012; *Genovese*, 425 A.2d at 370.

The majority's holding will not further the interests of defendants or society. Judicial delay, of course, involves the **trial court's** inability to conduct proceedings in the case. Requiring the **Commonwealth** to demonstrate its trial readiness will not accelerate the court's ability to proceed. The majority's due diligence mandate for the Commonwealth will not result in defendants being tried any faster in cases postponed by judicial delay.

What today's decision will do is cause more criminal cases to be dismissed, implicating society's right to effective prosecution of criminal wrongdoing. Judicial delay is a regular feature of criminal proceedings throughout the Commonwealth, and especially in urban jurisdictions. *See Crowley*, 466 A.2d at 1014 (noting "the realities of crowded criminal and civil dockets which overburdened Common Pleas courts must deal with on a day-to-day basis"). Moreover, when judicial delay causes a protracted postponement

of a case, it is commonplace (and entirely reasonable in my view) for prosecutors, who frequently have very heavy caseloads of their own, to put off their preparation for the case to focus on preparing for other cases with more immediate deadlines. However, the majority insists the Commonwealth must prove its due diligence "throughout the life of the case[.]" Majority Opinion at 28. Hence, under the majority's view, if a trial is delayed 100 days due to judicial delay, and the Commonwealth is ultimately ready to proceed to trial on the 100th day and trial does in fact commence on that date, the 100-day period is nevertheless not excludable unless the Commonwealth was ready to go to trial on day one of the judicial delay, even though there was no possibility of trial commencing on that date.[2] The exacting and unreasonable standard announced by the majority will surely lead to the unwarranted dismissal of many cases under Rule 600.

We have repeatedly held "[t]he administrative mandate of Rule [600] certainly was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth." *Simms*, 500 A.2d at 804 (quotations omitted); *Commonwealth v. Dunbar*, 470 A.2d 74, 78 (Pa. 1983); *Crowley*, 466 A.2d at 1012; *Commonwealth v. Horner*, 442 A.2d 682, 685 (Pa. 1982); *Genovese*, 425 A.2d at 370. Because the majority's holding requiring the demonstration of due diligence by the

---

[2] The majority contends this "hypothetical scenario" is "misleading" because "under Rule 600, the Commonwealth has 365 days from the initiation of a criminal case in which to bring a defendant to trial[,]" and "[w]e have not altered that timeline[.]" Majority Opinion at 28 n.15. On the contrary, the 365-day deadline is not immutably set at one calendar year from the date of the criminal complaint. Rather, excludable delays do not count toward the calculation of time and extend the Rule 600 run date. *See Commonwealth v. Solano*, 906 A.2d 1180, 1188 (Pa. 2006) ("[P]ursuant to Rule 600, a . . . defendant must be brought to trial within 365 **non-excludable** days of the filing of the complaint against him.") (emphasis added). Therefore, the majority's holding that judicial delay is not excludable absent the Commonwealth's demonstration of due diligence throughout the life of the case most certainly will alter the timeline for trial in numerous cases.

Commonwealth before judicial delay may be excluded from the computation of time under Rule 600 will have precisely that effect, and is at odds with the plain text of the rule and our decisions construing it, I must respectfully dissent.

Chief Justice Baer and Justice Mundy join this dissenting opinion.